The opinion of the court was delivered by
Tighman, C. J.
The first exception to the decree is, that (he Orphans’ Court rejected the claim of the appellant to the sum of one thousand seven hundred and sixty dollars and twenty-five cents, money received by her husband in his lifetime, from the rents of a house, which was the separate property of the wife. This house, originally the property of the husband, was conveyed by him to Joseph Simons in fee, to be held in trust for the wife, as her separate estate. The husband and wife had no children, and lived together in great harmony to the time of his death. The trustee never received the rents of the house. They were paid by the tenant, with the wife’s knowledge and approbation, to the husband, who generally laid them out in goods for a store kept in his dwelling-house. This store was attended by the wife, and generally called Mrs. MtGlinsey,s store; but the husband did the out of doors business, and, particularly, was in the habit of purchasing goods at auction to a much larger amount than the rents of his wife’s separate estate. He died intestate, and the appellant, who administered, accounted for the store goods as the estate of her husband. It is a general principle, that where the wife permits *66 her husband to receive the profits of her separate estate, and particularly where they live together, and the expenses of house-keeping are paid by him, the presumption is, that it was the intention of the wife to make a gift of the profits to the husband. And there is great reason for this presumption, because the husband being in the receipt of this money, may be induced to' live at a greater expense than he would otherwise have done, whereby the comforts of his wife, as well as his own, are increased. To call him to account, therefore, after the lapse of a number of years, might be ruinous, and would certainly be unjust. This principle is strongly laid down and well explained, in the case of Powell v. Hankey, 2 P. Wms. 82. That case is of good authority, and is cited and relied on in a late treatise on the rights of married women, by Cluney,p. 168, 169. In the case of The Trustees of the Methodist Episcopal Church v. Jaques, 3 Johns. Ch. R. 77, it was said by Chancellor Kent, that where the wife permits the husband to receive the rents of her separate estate, the most favourable presumption is made for the husband. And although the decree in that case was reversed in the Court of Errors, (17 Johns. 548,) yet it was upon grounds unconnected with the principle I have cited, to which no exception was taken. The presumption in fa-vour of the husband is, of course, like all other presumptions, liable to be rebutted by facts which take off its force. But there is nothing in the present case to weaken it. The wife never complained to her trustee, or requested him to receive the rents. They were invested in goods, which went into a store, the profits of , which increased the personal estate of the husband, to one half of which the wife was entitle'd in case of his intestacy; and very probably she might have expected that he would make a will and leave her much more than half. When the goods went into the store, they became so blended with the property of the husband, that it was impossible to distinguish them, nor has the appellant made any attempt to distinguish them, but accounted for the whole as the personal estate of the intestate. Under all these circumstances, I am of opinion that the claim of the appellant to the rents of her house, received by her husband, was not sustainable, and the Orphans5 Court did right in rejecting it.
The second exception is to the striking out of a credit claimed by the appellant of the sum of one hundred and seventy-nine dollars and thirty-seven cents, paid for the funeral expenses -of the deceased. The whole funeral expenses amounted to twice that sum, one half of which was struck out. As to this, I think the Orphans5 Court was wrong. The deceased had a good estate, and no children, and the widow, who was entitled to one half, wished to be liberal in honour of his memory. A handsome tombstone was erected over a vault, in which the body was interred, and this was the principal article of expense. I think it should be allowed; but there was one article which should be rejected — I allude to a *67 picture of the deceased, painted after his death. If the widow desired a memorial of this kind, she should pay for it herself, and keep it for her own satisfaction. With that exception, I am for allowing the sum charged for funeral expenses.
On the whole, then, the decree of the Orphans’ Court is to be affirmed, except as to the rejection of part of the funeral expenses. That part is to be reversed, and the whole charge for funeral expenses allowed to the appellant, except the cost of the picture.