LEANDER B. REYNOLDS, Administrator,

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1.  ADMINISTRATION OF ESTATES—*distribution to heirs of an intestate— within what time it may be ordered.*  The county court may properly order an administrator to make an entire, or partial, distribution of the estate of his intestate, to the heirs, whenever it shall appear that there are assets to satisfy all demands against the estate; and this may be done at any time, even within a year from the granting of letters of administration.

2.  The claim of the heirs of an intestate to their distributive shares in the estate, or to a portion thereof, is not a debt, nor is the proceeding to

compel the administrator to pay the same, an action for a debt due, within the meaning of the statute which prohibits the bringing of actions against an executor or administrator, for any *debt* due from the testator or intestate, until the expiration of one year after the taking out of letters testamentary or of administration.

3. An order of a county court, directing an administrator to make a partial distribution to the heirs, can not be regarded as an order for the support of the heirs, although their necessities may have prompted them to ask for such distribution. Such an order is a legitimate exercise of power, under the unlimited and general jurisdiction given that court over that particular class of subjects.

4. SAME—*time of requiring an administrator to account.* The county court may require an administrator to render an account of his doings, and to disclose the condition of the estate, at any time. The statute which requires executors and administrators to exhibit accounts of their administration, for settlement, "at the first term which shall happen after the expiration of one year after the date of the letters," does not exclude the court from the exercise of power to compel an earlier exhibit.

5. SAME—*proceedings on appeal to the circuit court.* On an appeal from the order of a county court directing an administrator to make payment of a portion of the dividend to which one of the heirs of the estate may be entitled, the circuit court may properly make an order affirming the order of the county court. The circuit court is not required, nor would it be proper for it to enter a judgment in such case, as is done on appeals from justices of the peace.

6. SAME—*in whose name such a proceeding should run.* The citation issued by a county court, at the instance of one of the heirs of the estate, to an administrator, to show cause why an order should not be made requiring him to make partial distribution to the heirs, should run in the name of the people.

APPEAL from the Circuit Court of Knox county ; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Messrs. FROST & TUNNICLIFFE, for the appellant.

Mr. G. C. LANPHERE, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The facts in this case, as admitted, are, that S. Hubbell Reynolds died, intestate, on the twenty-ninth of January, 1869; that letters of administration were issued to appellant, on the eleventh of March, 1869; that he accepted the appointment and entered upon the discharge of the duties of administrator; that the estate was worth $80,000; that the only heirs were Leander B. Reynolds and Elizabeth B. Benton; that the administrator had collected between $15,000 and $20,000; that Elizabeth had received from him only $720, and was in need of assistance; that the debts against the estate which had been presented, did not exceed $800, except the claim of the administrator, for $3000, and the claim of Elizabeth for $15,000; and that there were probably no other claims of any considerable amount to be presented.

A citation, at the instance of Elizabeth, was issued by the order of the county court of Knox county, requiring the administrator to show cause why an order should not be made for partial distribution.

Upon the hearing, and on the facts admitted, the county court made an order compelling the administrator to pay to Elizabeth $1000, upon the execution by her of a good and sufficient refunding bond, and that he have credit for that amount, as a part of her distributive share.

An appeal was taken to the circuit court of Knox county, in which the order was affirmed. To reverse this, appellant has brought the case to this court.

The errors assigned are:

First. That if this proceeding is to be regarded as a suit, it is prohibited by the statute, which provides that "no action shall be maintainable against any executor or administrator, for any *debt* due from the testator or intestate, until the expiration of one year after the taking out of letters testamentary or of administration, *except as is herein excepted.*"

Second. That, if this proceeding is in the nature of an order for support of the heir, it is unauthorized by the statute, for the reason that the county court is a court of special and limited jurisdiction.

Third. That the county court is regulated by the statute, and has no power to compel the administrator to render any account of his proceedings until the lapse of one year from the issue of the letters.

Fourth. That the action is improperly brought in the name of the people.

Fifth. That the circuit court erred in the affirmance of the order of the county court, and should have rendered a judgment, as in the case of an appeal from a justice of the peace.

This proceeding is not an action for a debt due, within the meaning of the statute referred to. The order of the county court does not purport, and can not be construed, to be a judgment. It is merely an order, based upon the following section of the chapter of the statute entitled, " Wills ":

" If any executor or administrator shall fail or refuse to pay over any moneys or dividend to any person entitled thereto, in pursuance of the order of the court of probate, lawfully made, within thirty days after demand made for such moneys or dividend, the court of probate, upon application made, shall attach such delinquent executor or administrator, and may cause him to be imprisoned until he shall comply with the order aforesaid, or until such delinquent is discharged by due course of law."

This view is maintained by the recital in the order, that the administrator pay, upon the execution of a refunding bond. Under this section of the statute the court could not render a judgment. It could only make an order, and enforce it by attachment for contempt. *Piggott* v. *Ramey et al.* 1 Scam. 145. Hence there was no error in the circuit court in affirming the order of the county court, but it would have been error to have rendered a judgment.

It is not correct that this was an order for the support of the heir, and that the county court is as to these particular questions,

a court of special and limited jurisdiction. "It is a court of record, and has a general jurisdiction of unlimited extent over a particular class of subjects, and when acting within that sphere its jurisdiction is as general as that of the circuit court." *Propst* v. *Meadows*, 13 Ill. 157. The order was for the payment of a portion of the dividend to which this heir was entitled, and the enforcement thereof. Of this subject the county courts have unlimited and general jurisdiction, and full power to compel, in the most summary manner, a compliance with their orders. This disposes of the first, second and fifth errors assigned.

But it is assumed, that, as the power of the county court is regulated by the statute, and as it provides that no suit shall be maintained against an administrator until after the lapse of one year from the issue of the letters, and as there is no express provision to authorize the order made, therefore an administrator can not be compelled to render any account of his doings until after the lapse of one year from the granting of letters, or make any disclosure or exhibit of the condition of the estate. This broad assumption in behalf of the administrator, would place him for one year beyond any control of the court. This is not the law, and is not a fair construction of the statute.

The statute provides that "all executors and administrators shall exhibit accounts of their administration, for settlement, etc. at the first term which shall happen after the expiration of one year after the date of the letters." This does not exclude the court from the exercise of power to compel an earlier exhibit, and to enforce the payment of distributive shares and legacies, before the expiration of the year. In case of legatees the statute provides that "whenever it shall appear that there are sufficient assets to satisfy all demands against the estate, the court of probate shall order the payment of all legacies mentioned in the will of the testator," etc. It further provides, that upon the payment of legacies or dividends, the legatees and distributees shall give bond and security to refund the due proportion of any debt, which may afterwards appear against

the estate.   Of all the subjects embraced in these several pro-
visions, the county court has unlimited and general jurisdiction.
Why should there be any distinction made between distributees
and legatees?   The child of an intestate, who is entitled, by
operation of law, to a share of its father's estate, has an equal
right with a legatee, to an early payment.   The county court
is required to order the payment of legacies, whenever it shall
appear that there are assets to satisfy all demands against the
estate.   We hold that the same rule should prevail in ordering
an entire or partial distribution of the estates of intestates.

If there were no debts against an estate, an administrator
would have no right to retain the moneys for twelve months.
He cannot be sued for a debt before the expiration of one year.
But this claim is not a debt, nor is the order a judgment.   The
time in which the administrator is required to exhibit his
account, is not a matter of right, but of convenience.   In
*Gartshose* v. *Chalie*, 10 Ves. Lord ELDON says: "There is no
doubt the property vested at the death of the party, and if a
case was produced in which it was quite clear that there were
no debts, the court would give the fund to the party, notwith-
standing there had not been a lapse of twelve months."

Upon the facts admitted, we think that the county court had
the power to make the order, and that it was just and right.
Administrators should have due regard to the interests of
creditors and heirs, and should not be permitted to hold moneys
for purposes of speculation, or for their personal benefit.   They
should be held responsible as trustees, and be compelled to
account for all interest upon, and profits arising out of, the
funds in their hands, to their *cestuis que trust*.

As to the fourth error assigned, that the action is improperly
brought in the name of the people, we think there is no error.
This was not an action or a suit; but a summary proceeding,
under the statute, to compel the administrator to show cause
why he should not pay the heir a part of her share of the estate.
The order is formally correct, and is made for the benefit of
Elizabeth Benton.   It could not properly be a judgment, on

which an execution might issue. Hence there was no plaintiff, and no necessity for a plaintiff. The court could only enforce compliance by attachment for contempt. The original citation, as well as the attachment, could only run in the name of the people.

The order of the circuit court is affirmed.

*Order affirmed.*