JOHN CURTS

*v.*

ELIZA BROOKS.

1. ADMINISTRATION—*appeal from order disapproving a part of administrator's account, does not prevent county court from ordering a distribution.* Where an administrator presents his report to the county court, and some of his charges against the estate are rejected. and he appeals to the circuit court, this does not deprive the county court of jurisdiction to order a distribution of the money in his hands over and above the rejected items claimed by him.

2. SAME—*effect of judgment on administrator's report.* Where the county court approves an administrator's report or account in part, but disallows certain charges, the order of approval is a distinct and complete judgment, separate from that rejecting part of his charges, and remains binding upon the administrator and the heirs, notwithstanding an appeal by the former from the order.

3. SAME—*effect of an appeal by administrator from an order disallowing part of his charges in his report.* On appeal by an administrator from an order of the county court rejecting a part of his charges for money paid out, the circuit court does not acquire jurisdiction of the whole account or report, but only of the rejected items, and can not hear evidence as to any of the items allowed by the county court. If the heirs appeal as to the items allowed, the rule is different.

4. SAME—*compelling distribution.* An administrator has no right to hold moneys of an estate in his hands over and above what are necessary for the payment of debts, and deprive the heirs of its use, and he may be compelled to make a partial distribution within one year from the grant of letters.

APPEAL from the Circuit Court of Henderson county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a citation against John Curts, administrator of the estate of Horatio Curts, deceased, to show cause why he should not distribute the funds in his hands belonging to the estate, to the heirs of the said intestate.

The county court, on the motion of the administrator, dismissed the citation, from which order Eliza Brooks, one of the heirs of the deceased, appealed.

The defendant, in the circuit court, moved to dismiss the appeal, which the court overruled, and, on the hearing of the evidence, reversed the order of the county court dismissing the citation. From this order the defendant appealed.

Messrs. STEWART, PHELPS & STEWART, and Mr. J. SIMPSON, for the appellant

Mr. JOHN J. GLENN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellant was the administrator of the estate of Horatio Curts, deceased; that he had, from time to time, filed reports of his administration, which were approved by the probate court. At the April term. 1872, of that court, he filed an additional report, a part of which was approved, but a number of items, amounting in the aggregate to $2625.11, were rejected. From this order disallowing his claim for these items, he appealed to the circuit court.

After the appeal was perfected, and whilst the same was pending in the circuit court, a citation was issued against him by the probate court to show cause why he should not make a distribution of money in his hands, as administrator, to the heirs of the estate, amounting to $10,000 or more, over and above his claim, which was rejected, and over all debts and claims against the estate. On a hearing on the citation, the county court dismissed the proceeding and refused to order a distribution. From that order the case was appealed to the circuit court. On a trial in that court, the judgment of the county court refusing to order the distribution, and dismissing the proceeding, was reversed, and from that judgment the administrator appeals to this court.

Appellant contends that, by the appeal from the judgment of the county court rejecting his claim for items in his report, the probate court lost all jurisdiction over the money in his hands over and above the amount of his rejected claim.

The order of approval of a part of the report was a distinct and complete judgment, separate from the other rejecting his claim for moneys paid out by him. It was, until reversed, discharged, or otherwise satisfied, binding on him and the heirs. Its findings and conclusive effect were complete on him. The order rejecting the claim of the administrator was a separate and wholly independent judgment, in nowise connected with the other. And when it was appealed from, the circuit court only acquired jurisdiction over this

judgment, and could only hear evidence and adjudicate upon the rejected items of the report. It could not hear evidence and inquire into any portion of the items allowed. Had the heirs appealed from the allowance of these items, then the position of counsel for appellant would be correct. But no such appeal having been taken, the county court had power, and it was its duty, to have proceeded to make a distribution of all the funds in the hands of the administrator, except a sum equal to the amount of the rejected items which were depending on the final determination whether they should be allowed to the administrator.

Appellant has not shown the least necessity for holding the money. It is admitted that it is not necessary for the payment of debts. The money belongs to the heirs, and no just or legal reason appears why it should not be paid to them. In the case of *Reynolds* v. *The People*, 55 Ill. 328, it was held that an administrator might be compelled to make a full or a partial distribution of funds in his hands over and above debts against the estate, even within a year from the grant of letters of administration. If it lies idle in the hands of the administrator, the heirs are deprived of its use. If he is loaning it, or using it for gain, it being a trust fund, he is liable to account for it to the heirs, with all of the profits and gains made from its use, but it is not just to require the heirs to be deprived of its use, and to be compelled to incur the expense of compelling him to account for it with the profits.

By paying over the money to the persons to whom it belongs, he incurs no risk of loss, can suffer no injury, and only pays the money to those who are justly entitled to it. His claim to hold the money until the appeal from the disallowance of his claim is decided, is as baseless as had he filed a false account against the estate for $10, which had been rejected, and he had appealed from the order. If the appeal stopped the further administration of the estate until it should be determined, then an administrator would only have to

prefer an unjust claim against the estate, have it disallowed, appeal, and, upon being defeated in the circuit court, appeal to this court, and thus avoid settlement and payment of money in his hands, either to creditors, legatees or distributees, for years. The law is subject to no such reproach as it would incur by sanctioning such a practice.

The court below decided correctly in reversing the judgment of the county court, and the judgment of the circuit court must be affirmed.

*Judgment affirmed.*