STEPHEN A. FOLEY, Administrator,

*v.*

FRANKLIN C. BUSHWAY.

1. ADMINISTRATOR—*not liable on contract made by widow for a monument to the intestate.* Where the widow of an intestate made a contract for the erection of a monument over the grave of her husband, to be paid for from his estate, the administrator can not be required to pay it.

2. Such a contract does not purport to bind the estate, and even if it did, the widow has no authority to do so. It is her own contract, and she alone is bound by it.

3. Nor does the fact that the administrator knew of the contract, and of the work being done, and made no objection, make him or the estate liable. The widow has a right to erect such a monument as she pleases, and it is not only not the duty of the administrator to object, but it would be impertinent in him to do so.

4. Where a claim is made against an administrator for the erection of a monument to the intestate, and it appears that the work was done under a special contract with the widow of the deceased, the question as to whether the same was properly a part of the funeral expenses, does not arise.

5. WITNESS — *competency.* In a suit against an administrator to recover the price of a monument erected by the plaintiff over the grave of the intestate, under a contract made with the widow, the plaintiff is a competent witness, under the statute.

APPEAL from the Circuit Court of Sangamon county; the Hon. JOHN A. McCLERNAND, Judge, presiding.

Mr. N. M. BROADWELL, and Mr. WM. M. SPRINGER, for the appellant.

Messrs. PARKS & ALLEN, and Mr. A. ORENDORFF, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding before the county court of Sangamon, by Franklin C. Bushway against Stephen A. Foley, administrator on the estate of Erastus Wright, deceased, upon the following claim:

" 1872.        *Estate of Erastus Wright, deceased,*

                     *To F. C. Bushway,*     Dr.

To one rustic monument, at Oak Ridge Cemetery, $1200."

The county court rendered a judgment against the administrator for the full amount of the claim and the costs. An appeal was taken to the circuit court, where a trial was had resulting in a like judgment.

To reverse this judgment the administrator appeals. and makes the point, that the estate he represents is not respon-

sible for this monument, as he never contracted for its erection, or directed or approved the same. What are the facts? The main fact, the origin of this structure, is found in this agreement made by the widow of the deceased, Lucy F. Wright:

"SPRINGFIELD, ILL., *Oct. 7th,* 1871.

This is to certify that I have this day contracted for and bought of Franklin C. Bushway, one monument, to be placed over the grave of Erastus Wright, in Oak Ridge Cemetery, in the county of Sangamon and State of Illinois. Said monument is to be of the following dimensions, and to be good, clouded American Italian marble, with the exception of a certain bust of the said Erastus Wright, deceased, which is to be a good likeness of the said Wright, and is to be of white American marble:

| | | | | |
|---|---|---|---|---|
| A limestone base | 4 | 2x4 | 2x1 | 6 |
| Marble base | 3 | 2x3 | 2x10 | 0 |
| First die | 1 | 8x1 | 8x2 | · 8 |
| Second die | 2 | 8x2 | 4x3 | 0 |
| Spire | 1 | 2x1 | 2x4 | 0 |

Bust 2 feet high, proportionate. Total height, when set up, 14 feet.

The said monument is to be set up and finished by the 1st day of May, 1872. The foundation is to be of deep, solid masonry, of not less than four feet square and three feet.

The whole monument to be after a design now in my possession and furnished me by the said Bushway. The workmanship to be of good quality, for which the said Bushway is to be paid, on completion of said monument, the sum of twelve hundred dollars. The said money to be paid from the estate of the said Erastus Wright, deceased.

LUCY F. WRIGHT. [SEAL.]"

This undertaking, on its face, binds the maker of it only. Her stipulation, that the cost is to be paid by the money of the estate of the deceased, does not bind the personal repre-

sentative of the estate, nor had the widow any authority by law so to bind the estate. But its agreement may be performed by the maker herself out of money from the estate, of which she obtained a large share, as it was a valuable estate, reasonably rich in lands and in money. Her "thirds" would be a very considerable sum, many thousands over and above the cost of this monumental display, and she might well design to pay the cost out of that portion of the estate which came to her. But if it be otherwise, if she undertook to pay the cost out of moneys of the estate over which she had no control, she stipulated to do that which she had no power to do, and if the estate fails to pay, the consequence is, she is herself personally liable, so that the artist can not be a loser.

Is there anything in the case to change this view of it?

The plaintiff testifies he showed the contract to appellant, the administrator, the day after it was made, and he did not object, but seemed pleased to know plaintiff had got it. Why should the administrator object? So long as the estate he represented was not bound. by any act, to pay for it, he had no cause to object; and how. as a friend to the deceased, could he be otherwise than pleased, that his widow, in the fullness of her devotion to the remains of her deceased husband, had determined to erect a monument over them of "American Italian marble?" Of what avail would be an objection by the administrator? The contract was made without consulting him, and it is a valid contract as to the parties to it. There would have been a propriety in consulting the administrator *before* the contract was made, not after it was made.

"The administrator, when the monument was ready to be put in place, made no objection." Very well. He had no right to object. It was a matter in which he had not the slightest concern, and objection from him would have been unbecoming, uncalled for and impertinent, the contract having been made with another. The administrator, like a prudent man, neither objected nor assented to the transaction in any

shape or manner, nor to any extent. It was not his business to forbid the work, as Mrs. Wright had full power and authority, in her own behalf, to order the work, and if she stipulated it should be paid for out of the money of the estate, she did what she had no authority to do, and which can not bind the estate.

The same remarks apply to the heirs and distributees of the estate. There are no creditors, and it is in proof the heirs, when informed by the administrator of this contract, objected, if they had any right to object, which they had not. It was no concern of theirs, what contracts of this kind the widow might choose to make, they knowing full well she had no power to bind the estate, or compel contribution from them.

But it is claimed this monument, with the bust of the deceased upon its summit, towering fourteen feet above the humbler monumental stones he himself had placed over the remains of his first wife and dead son, were a necessary part of his funeral expenses, and properly chargeable to the estate. It is contended an executor or administrator may expend a reasonable amount of money of the estate, if there be no creditors in the way, in some appropriate, durable memorial, to make the last resting place of his testator or intestate such an one as may be suited to his station in life, when living, and to his surroundings. This is not the question before us. The administrator is not claiming this expenditure as a proper disbursement of the assets of the estate he represents, but the widow is presuming to act in the matter on her own volition. She may do so, and may rear such piles to the memory of the "dear departed" as her affection, her vanity or her pride may suggest, but it would be the height of injustice to compel those interested in the distribution of the assets to yield quietly to this kind of appropriation of them.

As to the point that this monument was appropriate, and suited to the station the deceased occupied in life, this is wholly immaterial, and not to be considered in this case.

The case fails to show any liability against the estate of Erastus Wright for this monument. The widow entered into the contract in her own name and on her own responsibility. It is an undertaking of her own, and she alone can be legally held to its performance.

Upon the point that the plaintiff was not a proper witness, we are of opinion he was, under the statute. As the contract was made with Mrs. Wright alone, to her appellee must look for payment. These views dispose of the instructions given for appellee.

The judgment is reversed.

*Judgment reversed.*

Mr. Justice McAllister: I concur in the decision on the ground that the monument was supplied under a special written contract made by the widow. This was her individual contract; none, therefore, could be implied. *Walker* v. *Brown*, 28 Ill. 378. She could not, and the contract did not purport to, bind the estate.