## James W. Morgan, Admr. etc.

### *v.*

## Nancy G. Morgan.

1. Appeal—*allowed as to any item of administrator's account.* An appeal may be taken from the county to the circuit court as to any one item allowed an administrator in his account, and such appeal does not bring before the appellate court the whole account, but the trial, which is *de novo*, will be confined to the item appealed from.

2. Administration—*allowance for monument.* A monument contracted for by an administrator and a son of the deceased, to be erected to the memory of the intestate and other members of his family, is not a proper charge by the administrator against the estate in his account.

Appeal from the Circuit Court of Warren county; the Hon. Arthur A. Smith, Judge, presiding.

Messrs. Porter & Mosher, and Mr. John T. Morgan, for the appellant.

Messrs. Stewart & Phelps, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

In the county court of Warren county, at the January term, 1874, James W. Morgan, administrator on the estate of James C. Morgan, deceased, appeared and presented his account as administrator for adjustment, composed of many and various items, some of which were allowed and others excepted to. In March following, Nancy G. Morgan, the widow of decedent, prayed an appeal from an order made by the county court, allowing the administrator a credit for the sum of eight hundred dollars, being that amount alleged to have been paid by him for a monument, erected to the memory of the deceased.

On the trial in the circuit court, before a jury, a verdict was rendered for the appellant, Mrs. Morgan, and the claim of eight hundred dollars disallowed. To reverse this judgment the administrator appeals, and makes the point that an appeal did not lie from the order making this allowance, and if it did, the whole case was brought by the appeal into the circuit court, there to be tried *de novo* on all the allowances.

We do not think this is a proper construction of the statute. Section 68 of the act regulating administration on estates, R. S. 1874, provides in all cases of the allowance or rejection of claims by the county court, as provided in this act, either party may take an appeal from the decision rendered to the circuit court of the same county, in the same time and manner appeals are now taken from justices of the peace, etc., and such appeals shall be tried *de novo* in the circuit court. Page 116.

What appeals? Such appeals as are taken from any order of the county court allowing or rejecting a claim. Each item

in the administrator's account rendered is a separate claim, depending alone upon its own merits, having no connection with other items. The judgment upon it must, then, necessarily, be a separate judgment, from which an appeal may be taken. Why bring all the numerous items before the appellate court, when to one only is there an exception? The twenty-third section of the same act clearly contemplates appeals from any one order of the county court, made in favor or against administrators, or executors and claimants. It was so held in *Curts* v. *Brooks*, 71 Ill. 125. As to the order appealed from, the claim embraced in that is to be tried *de novo* in the circuit court, and that only.

It is claimed by appellant, that the instructions of the court, on behalf of appellee, were improper. We do not think so. The proofs in the cause show no ground whatever to charge the estate of the deceased with the cost of this monument. It was contracted for and paid for by appellant and his brother, John T. Morgan, two sons of the deceased, with which the widow had nothing to do. The estate is in no manner bound for its payment, and the disallowance, therefore, to the administrator by the circuit court was right. The facts show it was not a monument in honor and to the memory of the deceased, but to his children and grandchildren, whose names are inscribed upon it. It is a family monument, for which not the estate of deceased, but those who procured it, should pay.

The case is not unlike *Foley, Admr.* v. *Rushway*, 71 Ill. 386, where it was held, the widow having contracted for a monument to her deceased husband, to be paid for from his estate, that the estate was not liable, and the administrator could not be required to pay for it—the liability was on the party contracting, the widow. So, here, the contract for the monument was made by James and John T. Morgan, in their individual capacities, and the estate is under no liability whatever to pay for it.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*