WOOTEN HARRIS, Ex'r, etc.

v.

PHOEBE A. MILLARD.

1. ADMINISTRATOR'S ACCOUNT—EXCEPTIONS.—Each item in an administrator's account rendered, is a separate claim depending alone upon its own merits, having no connection with other items. An appeal having been taken to this court on the second exception alone, that is the only question this court will pass upon.

2. EXECUTOR PAYING CLAIMS—CREDIT AFTER TWO YEARS LIMITATION.—Where an executor, before the two years limitation, paid off two notes, and after the expiration of the two years, when making his report to the county court, produced the notes, and proved them valid and just claims against the estate. Held, that it was proper for the court to allow the executor credit for such payments.

3. SALE OF REAL ESTATE BY EXECUTOR.—It was proper that the executor who had charged himself with the proceeds of the sale of the real estate should have credit for the payment made by him in discharge of the incumbrance.

APPEAL from the Circuit Court of Montgomery county; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed December 4, 1885.

Harris v. Millard.

Messrs. LANE & COOPER and Mr. C. W. BLISS, for appellant; cited Munroe v. Holmes, 13 Allen, 111; Ames v. Jackson, 115 Mass. 509 ; Dickson v. Arnes, 8 Pick. 396.

Mr. JAMES M. TRUITT, for appellee; cited Bunnell v. Post, 25 Minn. 376.

CONGER, J. Appellant filed his report in the county court as executor of the estate of Ira Millard, deceased, to which report appellee filed five exceptions. After the decision of the county court, an appeal was taken to the circuit court, wherein each of the five exceptions were passed upon as follows: that appellee's first and third exceptions be overruled, to which she excepted; that appellee's fourth exception be sustained to the extent and amount of two attorney fees of $25 each, and the rest of said exception be overruled, to which ruling neither party saved an exception; that the fifth exception be overruled without prejudice to appellee and with leave to prosecute the same at such future time as may be proper; to which appellee excepted. The ruling upon the second exception, which will be more fully noticed hereafter, was excepted to in part by both parties.

An appeal having been taken to this court by the appellant, we are of opinion that the only question before us is in the ruling of the court upon the second exception. The appellant was satisfied, we presume, with the rulings of the circuit court upon all the exceptions save the second, and desires the opinion of this court upon that ruling alone.

The appellee, while excepting to the ruling of the circuit court upon the first, third and fifth exceptions, takes no appeal, and we think the same principle applies on appeals from the circuit court to this court, as in appeals from the county to the circuit court.

In Morgan, Adm., v. Morgan, 83 Ill. 196, it is said: " Each item in the administrator's account rendered is a separate claim, depending alone upon its own merits, having no connection with other items. The judgment must then, necessarily, be a separate judgment, from which an appeal may be taken."

It is contended, however, by appellee, that as she has the privilege of filing cross-errors, she may by so doing question any ruling of the circuit court.

The cross-errors that she has the right to assign are confined, however, to the subject-matter that is properly in this court for review, which, as has been said, is the ruling of the circuit court upon the second exception.

The facts upon which the second exception are based, are as follows:

Ira Millard, deceased, in his lifetime was indebted to one Lucy Haskell, which indebtedness was represented by five promissory notes, and secured by a trust deed upon eighty acres of his land.

Appellant, as executor of his estate, on May 8, 1878, paid off one of the notes amounting to $940.30, and on July 10, 1849, paid another amounting to $1,040.58. Both these payments were made within two years from the date of his letters, and the notes taken up and held by the executor as vouchers.

Some time after the expiration of the two years, the executor, when making his report to the county court, produced these notes, proved they were valid and just claims against the estate, and was, by the court, given credit for such payments on his account. Upon appeal to the circuit court, it refused to allow the executor credit for these payments, and the correctness of such ruling is one of the questions we are called upon to determine.

Appellee insists that because the executor did not formally present these notes to the county court, and have them allowed in his own favor as a claim against the estate within two years, he must entirely lose the benefit of his payment, and the circuit court so held. This we think was error.

The 73d Sec. of Chap. 3, R. S. provides:

" If an executor or administrator pays a claim before the same is allowed as aforesaid, said court shall require such executor or administrator to establish the validity of such claim, by the like evidence as is required in other cases, before the same is classed, and (he) be credited therewith."

The 72d section provides: " When an executor or adminis-

trator has a demand against his testator or intestate's estate, he shall file his demand as other persons, and the court shall appoint some discreet person to appear and defend for the estate, and upon the hearing, the court or jury shall allow such demand, or such part thereof as is legally established, or reject the same, as shall appear just."

It is apparent from a comparison of these two sections that demands, as used in the 72d section do not stand upon the same footing as the demand or claim of an executor or administrator to receive proper credit when he has satisfied a debt existing against his testator or intestate, before its allowance by the county court.

Otherwise the 73d section would be mere surplusage, for the 72d section would cover the entire ground.

The great object of the two years limitation is to bring about a prompt settlement of the estate by requiring all creditors who desire to participate in the inventoried assets to present their claims within that time, and executors and administrators having demands against an estate not arising out of payments made by them in such capacity are like other creditors of the estate and are governed by the same law.

But when a claim has been paid by the executor within the two years, he has at the expiration of such time full knowledge of the entire indebtedness of the estate, and the settlement of the estate, and payments of debts, legacies and distributive shares is not delayed, or the amount to be paid, changed, or interfered with, by a failure to have such claim formally allowed by the court.

As the law does not intend that an executor or administrator shall in any case determine the validity of claims against the estate, or the propriety of their payments, if he shall, in advance of the order of the court, and within two years from the date of his letters pay them, he does so with the requirements of the 43d section before him, by which he assumes the burden of satisfying the court by competent evidence that such payments were made to discharge valid, just and subsisting debts against the estate ; and if he does this, he has in our judgment met the requirements of the 43d section, and is en-

titled to credit, therefore, even though such report and evidence is submitted to the court after the two years have expired.

The other question raised by the second exception arises from these circumstances: After the payment to Mrs. Haskell of the two notes already mentioned there remained three others unpaid. The will of Ira Willard, deceased, appellant's testator, contained the following clause:

"It is my will that all my just debts be paid; that sufficient of my personal property, if necessary, be sold for that purpose. If my personal property should be insufficient, it is my will that my executor shall sell sufficient of my real estate to complete the payment of my debts." Under the power, the executor, having had the eighty acres incumbered by the trust deed appraised, proceeded on the 6th of March, 1880, to sell the same at public sale, offering it clear of the incumbrance of the trust deed, by publicly assuming as executor the unpaid indebtedness covered by such trust deed, and agreeing to pay off and discharge the same out of the proceeds of the sale. The land sold for $3,440, and no complaint is made that it did not bring its full value. The executor reported his action in the premises, including the fact that the trust deed was to be paid out of the proceeds of the sale to the county court; which report was approved and he was ordered to execute a conveyance in pursuance of his report.

Out of the proceeds of such sale he paid off the three other notes, which amounted to $3,387.95, leaving a balance in his hands of $52.05. The executor in his report charged himself with the amount of the sale, $3,440, and credited himself with the amount paid, $3,387.91, in discharging the incumbrance, being in effect a charge against himself of the excess of $52.05.

The circuit court approved these items; to which ruling appellee excepts, and insists that the executor should be charged with the proceeds of the sale, but should have no credit for the payment made in discharge of the incumbrance.

Such a doctrine, to be sustained at all, must of necessity have for its support some rigid technical rule of law, for its mere statement strikes one as inequitable and unjust.

Harris v. Millard.

The argument of counsel for appellee seems to proceed upon the theory that these payments can only be allowed to the executor upon the doctrine of subrogation; and he denies that there is or can be any application of that doctrine to the facts in this case. We do not think it necessary to follow or discuss the argument of counsel upon this point, as we think justice can be done all parties without relying upon the doctrine of subrogation.

The true explanation of the difficulty lies, we think, in the fact that the executor, both in making the sale and his report, makes the mistake of incumbering the record with matters which should not be noticed. Because he has made this mistake, however, is no ground why others, who have in no way been injured by it, should be permitted to wrong him.

The executor should in his report have charged himself with the $52.05. This amount was assets for which he should account. Had he sold the land in form, as he did in effect, subject to the incumbrance, leaving the purchaser to pay it, the full amount paid by the purchaser and received by the executor would have been this sum of $52.05. The purchaser would then have paid off the incumbrance himself, instead of using the executor as a mere channel through which his money passed to extinguish it.

The legal effect of the executor's acts and reports amounts to this, and no more. It was the duty of the county court, in the exercise of its equitable jurisdiction in the settlement of estates, to so treat it, which it did.

We think the circuit court in approving the action of the county court upon this question decided rightly.

The judgment will be reversed and the cause remanded, with directions to the circuit court to overrule appellee's second exception and confirm the report of appellant upon the items embraced in such exception.

Reversed and remanded.