CLARISSA M. SPIRE

v.

EDWARD C. LOVELL ET AL., Ex'rs, etc.

1. ADMINISTRATION—MONUMENT.—The erection of a suitable head-stone at the grave of a deceased person may properly be considered as a part of his personal expenses. Where the rights of creditors are not defeated or jeopardized, and the sum expended for that purpose by the administrator or executor is not extravagant but reasonable, in view of the station in life of the deceased and the value of the estate left by him, such amount should be allowed as a credit on settlement of the administration.

2. ACCORD.—Where an accord is relied on it must be executed.

ERROR to the Circuit Court of Kane county; the Hon. CHARLES KELLUM, Judge, presiding. Opinion filed December 4, 1885.

Mr. R. N. BOTSFORD, for plaintiff in error; that the expenditure for the monument should not have been allowed the executors, cited Little v. Williams, 7 Bradwell, 67; Morgan v. Morgan, 83 Ill. 196; Foley v. Bushway, 71 Ill. 386.

Mr. FRANK CROSBY and Mr. E. C. LOVELL, for defendants in error; that the expenditure for the monument should be allowed the executors, cited Ferrin v. Myrick, 53 Barb. (N. Y.) 76; Crapo v. Armstrong, Chicago Legal News, November 10, 1883; Hapgood v. Houghton, 10 Pick. 154; Wood v. Vanderburg, 6 Paige, 277; McGlinsey's Appeal, 14 Serg. and Rawle, 64.

BAKER, J. Clarissa M. Spire, plaintiff in error, filed in the County Court of Kane county exceptions to two of the items contained in the report of the executors of her deceased husband, and these exceptions were there sustained; but upon the appeal to the circuit court the judgment was otherwise as to both of said items, and the report was approved.

The action of the circuit court in allowing the charge of $210, for money expended by the executors in the erection of a tombstone at the grave of the deceased, was right. The

tombstone was reasonably worth the price paid therefor, and the estate of the deceased was perfectly solvent and of the value of some $10,000, or more, over and above the few small claims there were against it. The erection of a suitable headstone at the grave of a deceased person may properly be considered as a part of his personal expenses. Where the rights of creditors are not defeated or jeopardized, and the sum expended for that purpose by the administrator or executor is not extravagant, but reasonable, in view of the station in life of the deceased and the value of the estate left by him, then such amount should be allowed as a credit on settlement of the administration. Wood v. Vanderburg, 6 Paige, 277; McGlinsey's Appeal, 14 Serg. & Rawle, 64; Porter's Estate, 77 Penn. St. 43; Fairwan's Appeal, 30 Conn. 205. In cases of such expenditures. it is advisable the administrator  *  *  * or executor should first consult the court having probate jurisdiction, or the distributees of the estate, or both, as to the amount, if any, to be thus spent; but even where this precau-tion is not observed, if the sum disbursed is reasonable and ap-propriate under all the circumstances, and there is no danger of detriment to creditors, it is properly chargeable to the es-tate.

We do not regard the cases cited by plaintiff in error, as in point. In Foley, Adm'r, v. Bushway, 71 Ill. 386, the monu-ment was furnished under a special contract made by the widow, and to which the administrator of the estate was not a party. In Morgan, Adm'r, v. Morgan, 83 Ill. 196, the monu-ment was contracted for by the administrator and his brother, both of them sons of the deceased, in their individual capaci-ties; and, moreover, it was a family monument and not a mon-ument to the memory of the deceased. In Little v. Williams, 7 Bradwell, 67, the estate was wholly insolvent, and unable to pay even preferred claims.

The other controverted item of the report, approved by the circuit court, was a charge of $595.08, made against plaintiff in error, on her distributive share of the estate of her hus-band.

That sum was the amount of the principal and interest of

four notes belonging to the estate, and executed by one E. R. Watkins.

It was error to charge the widow with the amount of these notes.

There is no doubt she was persuaded into an agreement to take the notes as a part of her share ; but the contract was not executed—was merely executory ; the notes were never delivered to her but retained by one of the defendants in error for the purpose of procuring the indorsement of his co-executor. Afterward, and before delivery or offer of delivery, plaintiff in error notified the executors she declined to take them. The case stands, upon the exceptions to the report, as though plaintiff in error, widow of the deceased, was demanding by suit her distributive share of the estate. The facts in evidence would not make out a good plea of accord and satisfaction. Where an accord is relied on, it must be executed. Russell v. Lytle, 6 Wend. 390, and authorities there cited. In Allen v. Harris, 1 Lord Raym. 122, it was said, "the books are so numerous that an accord ought to be executed, that it is now impossible to overthrow all the books." In Hawley v. Foote, 19 Wend. 516, it was held that a plea that the plaintiff agreed to accept the note of a third person, which on being tendered to him he refused to accept, is not a good plea of accord and satisfaction.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded.