## Sarah M. Murdock, Admx., v. Watson M. Murdock, et al.

1. DISTRIBUTION OF ESTATE—*proper practice where a. is ordered.*
The better practice before ordering a partial distribution of the funds of an estate before the period of administration has elapsed, is to require a written account or report to be made by the representative of the estate, but this course is not imperative.

2. DISTRIBUTION OF ESTATE—*when, may take place.* Either a full or
a partial distribution of the funds of an intestate estate may be made,
even before the expiration of the first year of its administration,
where it appears that there are sufficient assets to satisfy all demands
against such estate. subject, however, to the giving of refunding bonds.

3. EVIDENCE—*when admission of, cannot be complained of.* The ad-
mission of evidence favorable to the objecting party cannot be com-
plained of by him.

4. REFUNDING BOND—*effect of death of obligor in a.* Where a dis-
tributee, in her lifetime, has entered into a refunding bond, and after her
death her distributive share is paid to her executor, such bond is suffi-
cient to protect the estate making the distribution.

Appeal from order requiring partial distribution of the funds of an
estate. Appeal from the Circuit Court of Douglas County; the Hon.
SOLON PHILBRICK, Judge, presiding. Heard in this court at the May
term, 1903. Affirmed. Opinion filed October 12, 1903.

I. A. BUCKINGHAM and ROY F. HALL, for appellant.

THOMAS W. ROBERTS, JOHN H. CHADWICK, E. H. REDMON
and ECKHART & MOORE, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the
court.

This is an appeal from an order of the Circuit Court of
Douglas County, requiring appellant, as administratrix of
the estate of John D. Murdock, deceased, to make partial
distribution of the personal estate in her hands. The facts
involved in the case are substantially as follows : John D.
Murdock died February 9, 1902, intestate, leaving appellant,
his widow, and appellees his sole heirs at law. Appellant
was appointed and qualified as administratrix of his estate,
and proceeded with the administration of the same. On
October 23, 1902, appellees filed their petition in the County
Court, alleging that appellant then had in her hands the
sum of $25,000, which she had received and collected as
assets of said estate; that a proceeding had been commenced
in the Circuit Court by appellant against petitioners, by
which she sought to have declared void an ante-nuptial
contract between her deceased husband and herself, which
said proceeding was yet undetermined; that petitioners
therefore prayed that a partial distribution of said personal

estate might be made, allowing appellant to retain sufficient assets as might be necessary to pay her award, the indebtedness of said estate, and any sum that might be determined to be due her as widow, in the event that said contract was set aside.

A demurrer by appellant to the petition was overruled and a hearing had thereon, which resulted in the entry of an order, which, after finding that there was due to appellant on account of her award the sum of $1,350, and that as administratrix she had then on hand in cash the sum of $25,000, directed that she make a partial distribution of said assets to the extent of $15,000, to petitioners, and that said petitioners should severally execute to said administratrix refunding bonds in the sum of $3,000. The refunding bonds were afterwards executed and filed, pursuant to said order, and were approved by the court. Appellant appealed from said order to the Circuit Court, where the death of Emma E. Campbell, one of the petitioners, was suggested, and John S. Campbell, her executor, made a party petitioner to said petition. The record fails to disclose that any effort was made by either the County or Circuit Court to compel appellant to file a written account or report of her acts and doings as such administratrix, or of the condition of said estate; but on the hearing of said petition, and over the objection of appellant, witnesses were called who testified to the payment by them of divers sums on account of said estate. The inventory filed by appellant was introduced in evidence, showing the amount of cash on hand at the death of intestate, and a copy of the alleged ante-nuptial agreement was admitted over the objection of appellant.

The indebtedness of the estate, including the widow's award, was shown to be $1,950, and the total amount on hand in cash to be about $26,000, with the sum of about $9,000 yet to be collected. The court thereupon decreed that the said order of distribution theretofore entered by the County Court be affirmed, and that the cause be remanded to the County Court.

Emma E. Campbell, one of said distributees, died before

the entry of said order in the Circuit Court, but no provision was made therein for the payment of her share to any one, or for the giving of a new refunding bond. Appellant then prayed an appeal from said order to this court, and assigns as error the entry of said order by the Circuit Court, for the reason that the court failed to require the administratrix to file a written report, in the usual way, and upon that report, to order distribution; that the parties entitled to a distribution had not been ascertained; that the court admitted in evidence a copy of the ante-nuptial contract referred to, without the original thereof having been accounted for in any way, or requiring proof that the same was a true copy; and that no provision was made in said order for the payment of the distributive share of said Emma E. Campbell to any one, or for a refunding bond therefor. While the usual and more commendable practice in such cases is to require the officer of the estate to render a written report or account to the court, before ordering distribution, and no reason is urged or appears in the record why such course was not followed in this instance, we cannot see how the manner in which an accounting was had, could have prejudiced the rights of appellant. It is not contended that the finding of the court as to the amount of money in her hands was incorrect, or that she failed to receive credit for any money disbursed by her.

The improper admission in evidence of the purported copy of the ante-nuptial contract, could have in no way affected her rights to her disadvantage, but was to her advantage, inasmuch as an amount largely in excess of her share under the statute, was left undistributed. And this may also be said as to the contention that the rights of appellant as distributee had not yet been ascertained.

The distributive share of Mrs. Campbell should, under the order of the County Court, be paid to her executor, and we are of opinion that the refunding bond executed by her in her lifetime will amply protect appellant, in such payment. Be that as it may, the County Court still has power, if it deems best to do so, to require an additional bond from such executor.

The statute provides that " Whenever it shall appear that there are sufficient assets to satisfy all demands against the estate, the court shall order the payment of all legacies mentioned in the will of the testator." Rev. Stat. 1901, 124. This section has been construed to apply to distributive shares in case of intestacy, and to authorize the full or partial distribution of an estate, even before the expiration of the first year of administration. Reynolds v. People, 55 Ill. 328.

Inasmuch as there appears to be in the hands of appellant more than sufficient assets to satisfy all demands against the estate, including what may be determined to be due her, in case the ante-nuptial agreement referred to should be held to be invalid, we think the order distributing the excess to the heirs was just and equitable, and proper. Appellant has not shown the least necessity for holding the money. It is not required for the payment of debts. The money belongs to the heirs, and no just or legal reason appears why it should not be paid to them. Curts v. Brooks, 71 Ill. 125.

We find no error in the record which would warrant a reversal of the decree of the Circuit Court, and the same will, therefore, be affirmed.

*Affirmed.*