WILLIAM BACHE *et al.*

*v.*

NATHANIEL S. WARD, Exr.

*Opinion filed February 21, 1907.*

APPEALS AND ERRORS—*when a certificate of importance is necessary.* The several items of an executor's account are so far severable that an appeal of heirs which involves the sole question of whether an item amounting to less than $1000 should be regarded as testate or intestate property cannot be prosecuted from the Appellate Court to the Supreme Court without a certificate of importance.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Bureau county; the Hon. RICHARD M. SKINNER, Judge, presiding.

The will of Joseph Ward, deceased, who died July 18, 1903, was admitted to probate in Bureau county on September 14, 1903, and letters testamentary were issued to his son, Nathaniel S. Ward. The testator, at the time of his death, was seized and possessed of real and personal property. He left him surviving nine children and the descendants of two deceased daughters as his heirs-at-law, who were also the devisees named in his will. After providing

for the payment of his debts and funeral expenses and disposing of his real estate, by paragraph 11 of his will he gave and bequeathed unto the three children of his "deceased daughter, Mary M. Bache, to-wit, William Bache, Joseph Bache and John Bache, the sum of two hundred (200) dollars each, absolutely and forever;" and by paragraph 14 he gave, bequeathed and devised one-eleventh of the residue of his estate to each of his nine living children, one-eleventh to Charles Criswell, the only child of a deceased daughter, and "one eleventh (1/11) thereof to said William, Joseph and John Bache." John Bache died prior to Joseph Ward, leaving no issue him surviving.

On December 17, 1904, the executor filed in the county court of Bureau county his final account and report, showing a balance in his hands of $19,594.68 subject to distribution, and reported that the share of the estate which would have gone to John Bache had he survived the testator, which amounted to the sum of $789.93, should be distributed between the heirs-at-law of Joseph Ward, deceased, as intestate estate, according to the laws of descent of the State of Illinois. William Bache and Joseph Bache entered their appearance and filed eighteen objections to the account and report of said executor, the fourteenth objection being to the effect that the executor had in said account and report credited himself with the sum of $1066.33 as his fees as executor, which sum was averred to be grossly excessive; and the seventeenth objection challenged the correctness of the report so far as it averred that the share of the estate which would have gone to John Bache, deceased, had he been living at the time of the death of Joseph Ward, deceased, should be treated and considered as intestate estate and distributed between the heirs-at-law of Joseph Ward, deceased, according to the laws of descent of the State of Illinois, and charged, on the contrary, that the share of John Bache, deceased, in said estate, by reason of his death prior to the death of Joseph Ward, deceased, became payable to

William Bache and Joseph Bache, as the bequest to William, Joseph and John Bache was said to be to a class, and not to them individually. The objections to the account and report of the executor, other than objections 14 and 17, are not here involved and therefore not material to the questions raised on this appeal.

The county court overruled said objections 14 and 17, together with the other objections filed to said account and report which were not withdrawn, and ordered the residuary estate shown by said account and report to be in the hands of the executor to be distributed according to the showing made in said report, whereupon William Bache and Joseph Bache prosecuted an appeal from the order of the county court to the circuit court of Bureau county in so far as it overruled objections 14 and 17 to said report, which prayer for an appeal, and the order granting the same, appear in the record in the following form: "And thereupon the said Joseph Bache and William Bache pray an appeal from so much of the foregoing order as overrules the fourteenth and seventeenth objections to said account and report, to the circuit court of Bureau county, Illinois, which is allowed upon the said Joseph Bache and William Bache filing their bond herein in the penal sum of $200, with surety to be approved by the court, within twenty days, conditioned as the law directs." The appeal was perfected to the circuit court by filing a transcript of the proceedings in the county court and an appeal bond, and on the hearing in that court the executor's fees were reduced to $1056.45, and thereupon the bill of exceptions recites, the "appellants and objectors, William Bache and Joseph Bache, here now agree in open court not to review or question the allowance of said executor's fees by appeal, writ of error, or in any other mode," and an order was entered overruling the said fourteenth and seventeenth objections, and the case was "referred back to the said county court for the final settlement and distribution of said estate pursuant to said order of this court, and

that said appellants and objectors, William Bache and Joseph Bache, pay the costs of their appeal," whereupon an appeal was prayed and perfected to the Appellate Court for the Second District, where the order of the circuit court was affirmed, and a further appeal has been prosecuted to this court.

ROSENTHAL & HAMILL, and CHARLES GOODMAN, for appellants.

HORACE R. BROWN, and WATTS A. JOHNSON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

A motion has been made in this court to dismiss this appeal for want of jurisdiction in this court to hear and determine the same, on the ground that the amount involved is less than $1000 and no certificate of importance was granted by the Appellate Court. There is a class of cases which hold that where the judgment or decree appealed from disposes of more than $1000 an appeal will lie from the judgment of the Appellate Court to this court although the interest in the judgment or decree appealed from represented by the appellant,—that is, the appellant's claim,—does not amount to $1000. (*Longwith* v. *Riggs,* 123 Ill. 258; *MacVeagh & Co.* v. *Roysten & Co.* 172 id. 515; *Towne* v. *Towne,* 191 id. 478.) In that class of cases the amount disposed of by the judgment or decree is held to be the amount involved, on the ground that the claim of the appellant is not severable from the other interests which are covered by the judgment or decree, so that he can prosecute an appeal and have it determined without affecting other interests involved in the judgment or decree. There is another class of cases which hold that where the claim of the appellant is separate and distinct from and in no way connected with the claims of other claimants or suitors whose claims are involved in a

judgment or decree, the appellant's claim must exceed in amount $1000 to authorize him to prosecute an appeal from the judgment of the Appellate Court to the Supreme Court without ,a certificate of importance, although there is involved in the judgment or decree more than $1000 when it is considered as an entirety. (*Farwell* v. *Becker,* 129 Ill. 261; *Stettauer* v. *Boldenweck,* 183 id. 187; *Davis* v. *Upham & Stone,* 191 id. 372; *Pugh Co.* v.,*Wallace,* 198 id. 422; *Merritt* v. *Crane Co. ante,* p. 181.) In the first class of cases the several claims or interests are not separate and distinct and severable from each other, while in the latter class of cases they are separate and distinct and severable from the other interests involved in the judgment and decree.

In the case at bar the only question involved in the appeal from the order of the county court to the circuit court was whether the fees claimed by the executor were excessive, and whether the share which would have belonged to John Bache, deceased, had he been living at the time of Joseph Ward's death, should be held to be and treated as intestate property and distributed as such among the heirs of Joseph Ward, deceased, or as testate property and paid to William and Joseph Bache under the terms of the will of Joseph Ward, deceased. After the case was tried in the circuit court the question of the reasonableness of the fees of the executor, which was covered by objection No. 14, was eliminated from the case, and the sole question remaining undisposed of when the appeal was prosecuted to the Appellate Court was that raised by objection No. 17, which related solely to the proper disposition of the portion of the estate devised to John Bache, which bequest amounted to only $789.93. It has been repeatedly held by this court that the several items covered by an administrator's or executor's account are so far severable that an appeal may be taken from any one of the items thereof, and that such appeal does not bring before the circuit court, or, in case of further appeal, the Appellate or Supreme Court, for review the whole account. (*Curts* v.

*Brooks,* 71 Ill. 125; *Morgan* v. *Morgan,* 83 id. 196; *Millard* v. *Harris,* 119 id. 185; *Kingsbury* v. *Powers,* 131 id. 182; *Marshall* v. *Coleman,* 187 id. 556.) The appeal in this case from the county court to the circuit court was expressly limited to two items of the account,—that is, to the executor's fees and the bequest to John Bache; and upon the appeal from the circuit court to the Appellate Court it was limited to one item of the account, viz., the John Bache bequest, which bequest was for a sum less than $1000, which was covered by the seventeenth objection to the account and which in no way was connected with the other items of the account.

In the *Curts case* it was held that where an appeal is prosecuted from an item of an administrator's account, such appeal does not affect the balance of the account or prevent a distribution as to the remainder of the estate in the hands of the administrator, and that such administrator may be required to distribute the portion of the estate not covered by the item involved in the appeal. Such, evidently, was the case here. The fact that the amount bequeathed to John Bache, which was less than $1000, was tied up by the appeal, furnished no reason for the executor holding the large sum in his hands shown to be subject to distribution by his account, as the disposition of the item in the account covered by objection 17 in no way affected the distribution of the remainder of the estate. And in the *Morgan case* it was held that an appeal from a single item in an administrator's account does not bring up for review the whole account, but the trial, which is *de novo,* should be confined to the item from which the appeal was prosecuted. And in the *Marshall case,* on page 585, it was said: "It has been held that each item in an administrator's account is a separate claim, depending alone upon its own merits, having no connection with the other items, and that an appeal by the administrator from an order or judgment rejecting one of his claims against the estate only brings up for review the propriety

of the ruling in respect to such rejected claim." The converse of this proposition is true, and an appeal by an heir or devisee has the same effect upon items of the account not appealed from. The only effect of the appeal in this case was to prevent the distribution of $789.93 of the estate until it should be determined whether such portion of the estate was testate or intestate property.

The amount involved in this appeal being less than $1000, and no certificate of importance having been granted, the motion to dismiss the appeal is allowed.

*Appeal dismissed.*