William L. Aster, Executor, Appellant, v. Cora Ralston et al., Appellants, and Elizabeth Hartz Barton et al., Appellees.

## Gen. No. 5,701.

1. WILLS—*estoppel to dispute.* A legatee or devisee cannot take under a will and at the same time dispute the truth of what the testator has said in the will regarding the deduction of an amount advanced or loaned.

2. WILLS—*legatee may show he has paid advancement.* A legatee or devisee may show that he paid a loan or advancement after the will was executed and therefore deduction should not be made from his share.

3. WILLS—*proof that advancement has been paid.* A receipt signed by the testator in his own hand writing and bearing a date subsequent to the execution of the will is sufficient to show that a sum advanced to his daughter had been repaid and should not be deducted from her share.

4. APPEALS AND ERRORS—*when cross errors cannot be assigned.* An appeal from a single portion of a decree does not carry other independent matters involved therein, and cross errors cannot be assigned on such matters.

5. APPEALS AND ERRORS—*where appeal is from portion of decree.* An appeal from so much of a decree as finds certain shares not subject to a deduction on account of an advancement set forth in a will does not carry cross errors upon the allowance of solicitor's fees to complainant.

Appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913. *Certiorari* denied by Supreme Court (making opinion final).

H. A. Weld, for appellants.

Jackson, Hurst & Stafford, for appellees.

Mr. Presiding Justice Dibell delivered the opinion of the court.

William L. Aster as executor of the last will and testament of John Aster, deceased, and as one of the beneficiaries under said will, filed this bill against the other beneficiaries to obtain the aid of a court of equity in determining certain questions arising under the will and to obtain authority to sell real estate of deceased and to divide the estate pursuant to the will. The children of Emma Hartz, a daughter of the testator, answered. The other defendants were defaulted. The cause was referred to the master, who took and reported proofs and conclusions favorable to the children of Emma Hartz, and there was a decree of partition and a sale, and a decree of distribution, and this is an appeal by several children of deceased, from a portion of that decree.

The third and fourth paragraphs of the will were as follows:

"Third: After the death of my said wife I give, devise and bequeath the residue of my estate then remaining in equal parts to my children, Elizabeth Wittenberg, William L. Aster, George W. Aster, Cora Ralston, Madge Bray, and the children of my daughter Emma Hartz (the said children to take the share that would otherwise go to their mother my daughter Emma Hartz, and to share the same equally between them)— to them and their heirs forever.

Fourth. I have advanced to my son George W. Aster the sum of thirty-five hundred dollars ($3,500.00) and to my daughter Emma Hartz the sum of fifteen hundred dollars ($1,500.00). It is my will and desire that the above amounts be reckoned as a part of my estate with interest thereon from the time said

amounts were so advanced at the rate of five per cent. per annum, and upon a final settlement of my estate and a distribution thereof, I desire that the said sums so advanced as aforesaid together with the interest thereon accrued at the rate aforesaid be charged against my said son George W. Aster and the children of my said daughter Emma Hartz, respectively, and that the same be deducted from their shares of my estate as hereinabove provided,—my intention being to equalize the shares of my said children, together with the children of my daughter Emma Hartz, in the final division of my estate.''

The children of Emma Hartz contend that their mother setled said matter of $1,500 with the testator after the will was made and therefore they should receive the share of said estate given them by the third paragraph of said will, without deducting said $1,500. The master in chancery and the court so held and the decree so provides. Appellants contend (1) that said children of Emma Hartz cannot contradict the language of the will and still take under the will, and (2) that the evidence is insufficient to show that said sum of $1,500 was paid after the will was executed. These are the only questions raised by the appeal.

We are of opinion that where a testator by his will directs a deduction from the share of any legatee or devisee because of some amount which the will declares had been advanced or loaned to such legatee or devisee, the latter cannot take under the will and at the same time dispute the truth of what the testator has said in his will, but that the directions of the latter to deduct that amount must be carried out. But, we are of opinion that if the loan, debt or advancement described by the testator in his will shall be paid by said legatee or devisee after the will is executed that fact may be shown, and if proven, the deduction should not then be made. This will shows that the testator intended his children to share equally in his estate, except that the share which otherwise would have

gone to Emma Hartz should be paid to her children. Now, if Emma Hartz did in fact pay or in any way satisfy the testator for this advancement after the will was made, it would entirely destroy the equality intended by the testator to still deduct that sum from the share given to the children of Emma Hartz. We so held in substance in Lewis v. Lewis, 150 Ill. App. 354, on pp. 362 *et seq.*

Emma Hartz died on the day that the hearing of proofs before the master was begun and appellees have therefore been deprived of her testimony. Their father, Ben C. Hartz, testified for them. Objection is made to his testimony. We see no reason why he was not a competent witness in behalf of his children, but so much of his testimony as narrated what his wife, Emma Hartz told him was not competent, and is omitted from our consideration. It sufficiently appears in the competent proof that John Aster bought a house and lot for his daughter, Emma Hartz, and paid therefor $1,750 and moved away the house and gave it to a son. Apparently he estimated the value of the lot, without the house, at $1,500. Thereafter she paid him various sums, receipts for which, bearing his signature, were found among her papers after her death. The will was executed on December 21, 1903. Under date of December 1, 1904, nearly a year after the execution of the will, he gave her the following receipt, all in his own hand writing, which was found among the papers of Mrs. Hartz after her death.

"ROCK ISLAND, December 1, 1904.

Received of Ama Sary Hartz fifteen hunthert & fifty doalrs in ful.

JOHN ASTER."

We are of opinion that the evidence sufficiently shows that there was no transaction between Mrs. Hartz and her father to which this receipt could have applied and to which the will referred, except the sum he paid for said lot. We therefore conclude that the master and the court were justified in finding that the

sum advanced by John Aster to his daughter Mrs. Hartz, as narrated in the will, was afterwards paid by her to him, or was adjusted in some manner which he received in full satisfaction of that debt, and that equity required that it should not be deducted from her children's share under the will.

Appellees have assigned cross errors upon the allowance of solicitor's fees to complainant, on the ground that this was not an amicable suit and that no evidence was preserved in the record of the value of the services. The complainant and the appealing defendants expressly limited their appeal to "so much of this decree as finds that the respective shares of Elizabeth Hartz Barton, Maud Hartz and Ben Hartz are not subject to deduction on account of the advancement set forth in the fourth clause of the will of John Aster, deceased, as having been made to their mother, Emma Hartz and to so much of this decree as orders a full fifteenth part of the proceeds of said sale to be paid to each of the said Elizabeth Hartz Barton, Maud Hartz and Ben Hartz." It was that appeal only which was allowed, and their bond was limited to an appeal on that subject. An appeal from a single portion of a decree does not carry up other independent matters involved therein, and cross errors cannot be assigned on such independent matters. Walter v. Pritchard, 121 Ill. 221; Kingsbury v. Powers, 131 Ill. 182; Rose v. Hale, 185 Ill. 378; Bache v. Ward, 225 Ill. 320. Those cross errors therefore are not well assigned.

The decree is affirmed.

*Affirmed.*