WILLIAM M. WILKINSON, ADMINISTRATOR,
v.
ANNA WARD.

*Administration—Citation to Settle—Judgments and Decrees—Interest—Evidence—Practice.*

1.  The judgment of the County Court upon the report of an administrator is a separate judgment upon each item therein, and an appeal from such judgment brings up only the items appealed from.

2. The dismissal of an appeal in the Circuit Court as to certain items of such account, leaves the judgment of the County Court standing as to them, and binding upon both parties.

3. An administrator can not refuse to account for a fund arising out of the estate of his intestate, although it rightfully belongs to the widow, she having directed him to receive the same and apply it on the debts of the estate.

4. It is the duty of an administrator to report the personal property of his intestate to the court, and dispose of the same, under its order; failing in this, he should be charged with its value.

5. An estate should not pay for the services of an attorney rendered its administrator as an individual.

6. An agreement between the parties to a given suit that depositions previously taken shall be evidence upon trial, amount to a waiver of a failure to give notice of the time and place of taking the same.

7. An objection to the admission of the evidence of a party named, should not first be raised herein.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Calhoun County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. WITHERS & RAINEY, for appellant.

Messrs. J. S. CARR and T. J. SELBY, for appellee.

BOGGS, J. Josiah Woodward died intestate in Calhoun County March 17, 1864, leaving only one child, Anna, now Anna Ward, the appellee.

The appellant was appointed administrator of the estate in April, 1864. In July, 1886, the appellee filed a petition in the County Court of Calhoun County asking that the appellant as such administrator be cited to make settlement of the estate. In answer to the citation, the administrator presented a report, to which the appellee filed exceptions. A hearing was had at the January term, 1887, of the said County Court, which resulted in an order and decree of that court stating the items of charges awarded against the administrator, and of credits allowed him, and finding a balance of $46.87 due the estate. The appellee perfected an appeal to the Circuit Court of Calhoun County from this judgment or order of the County

Court as to certain items which she alleged ought to have been, but were not, charged against the administrator, and as to certain items allowed as credits to him, which she claims ought not to have been so allowed.

The appellant did not appeal from the finding of the County Court in any respect.

The Circuit Court of Calhoun County upon trial of the matters thus brought into that court by appeal, entered a decree and order stating fully the account of the administrator with the estate and finding him indebted to the appellee as sole heir of the deceased, in the sum of $983.71. From this finding and decree of the Circuit Court the appellant perfected this appeal to this court.

The assignments of error, seven in number, will be considered and disposed of in the order as presented by the appellant. "First, that the Circuit Court erred in charging appellant with $415 of rents." This total of rents is made up of two items and both were allowed against the appellant by the County Court, and that finding not having been appealed from by him became binding as to him. The judgment of the County Court, upon the report of an administrator, is a separate judgment upon each item in the report, and an appeal from such judgment only brings up the items appealed from. Curts v. Brooks, 71 Ill. 125; Morgan v. Morgan, 83 Ill. 196.

It is true that the appellee appealed from the decision of the County Court as to these items, but in the Circuit Court she declined to prosecute, and dismissed her appeal as to them. Her appeal only gave the Circuit Court jurisdiction as to the particular items appealed from. Morgan v. Morgan, 83 Ill. 196; Millard v. Harris, 119 Ill. 191.

The dismissal of her appeal left these items standing in the order of the County Court, not appealed from, and binding upon both parties. Bacon v. Lawrence, 26 Ill. 53.

The second assigned error of appellant is that "The court erred in charging appellant with $653 instead of $338.46, on account of the Nairn and Stiles notes."

The appellee's first cross-error is: "The court erred in not charging the appellant with balance due on note of Nairn and

Stiles, $338.46, and interest thereon from date of the letters." As the determination of either of these assigned errors will determine the other, they will be considered and disposed of together. The intestate at the time of his death held a note against Nairn and Stiles. Its date, amount, or time of maturity is not disclosed by the evidence, nor is it shown whether or not it bore interest before maturity. In 1867 the administrator reported a payment of $115 upon it and that the balance unpaid was $338.46. Afterward a new note was taken from Nairn and Stiles for $653, which was made up, as appellant claims, of the amount due on the old note when this last note was taken, and an amount owed by Nairn and Stiles for rent of a farm called the Dixon farm.

Appellant now claims that the Dixon farm did not belong to the deceased and that the rents ought not, therefore, to be charged to him.

The widow of the deceased, appellant says, was entitled to the rents, and he testifies that she directed him to receive the rents and apply them on the debts of the estate; he did so, and even if the estate had no legal right to this money it became an asset of the estate so far as the administrator is concerned, and he can not refuse to account for it. The second assigned error of the appellant is therefore overruled.

Appellee claims that the amount of principal and interest of the first Nairn and Stiles note would equal or exceed the amount of the new note, and therefore no rents would have been included in it, and that the court erred in finding that any part of the new note was for rent. This alleged error the appellee now seeks to have righted by having the appellant charged by this court upon a cross-error with the interest upon this note. We can not tell what was included in the new note by the court.

The court charged the administrator with interest in a gross sum, a portion of which may have been for interest on the Nairn and Stiles note. The unpaid balance of the first of these notes and the rents in question, about $200 in amount, would not equal the face of the new note by about $115.

This sum must have been accumulated interest on the first note, and to that extent the administrator accounts for interest

on this note, and the interest upon the second note after it was given must have been included in the general sum charged the administrator for interest.   At least we can not say that such was not the case.

The transactions involved in this case occurred many years ago, and the evidence concerning them, or many of them, is scant, meager and unsatisfactory.   A true conclusion depended largely upon the credit and weight given the testimony of witnesses.   The opportunity of the trial judge for arriving at a correct conclusion was so much better than ours can be, that we do not feel warranted in disagreeing with him.   Appellee's first cross-error is therefore not sustained.

A charge against the administrator of $49 for staves belonging to the estate, is alleged as a third ground of error.   The intestate owned the staves.   The duty of the appellant as administrator was to have had them appraised and sold under the direction of the court; he did not report them but contracted them away privately to some one whom he can not name, but who, he says, was insolvent and would not pay.   He states that he did not deliver them to the buyer, but that they were taken away without his knowledge.   Had he reported them to the court and disposed of them under the order of the court, as the law required that he should do, it is hardly probable the loss would have occurred.

We could not say that an error was committed in holding him responsible for their value.

The court charged the appellant with interest to the amount of $901.33 in the aggregate, which constitutes the fourth ground of alleged error, while the alleged failure of the court to charge the administrator with interest on the amount due on sale of real estate from maturity until same was paid, is assigned as appellee's second cross-error.

These grounds of supposed error are the same, or partly the same, and will be considered together.

The evidence amply warranted the court in requiring the administrator to account for interest, and while the charge of a larger amount than was fixed might have been justified, yet as the interest item is a total one, we can not tell to what

extent interest was allowed on the proceeds of the sale of the land. The lands were, as we understand it, subject to the lien of a judgment against the deceased, and by arrangement between the appellant and the plaintiff in the judgment, the buyers at the sale paid the purchase money direct to the plaintiff. These payments do not seem to have been made at the maturity of the notes given for the lands, and while this judgment accumulated interest, it is not clear what or how much interest was paid by the purchaser of the land, except one amount of $11, which is charged by the court. The court charged the appellant with interest upon $740.35 for the same period of time. It must suffice to say that no propositions of law were presented to the court, in truth, no principle of law not fully well settled is involved. Questions of fact are practically all that is presented. The nature and character of the evidence is such that, as is before said, we could not be justified in saying that the court was manifestly wrong in its conclusion as to the amount of interest that the administrator should account for.

The fourth assigned error of appellant, and second assigned cross-error of the appellee, must be, therefore, overruled.

The fifth of appellant's assignments for error is the refusal of the court to credit appellant with $117.02, paid by him to the superintendent of schools for the estate, and refusal to allow a credit for $25, paid by the administrator to his attorney for legal assistance and services about the report required of him by the citation.

The item of $117.02 paid to school superintendent, was presented by the appellant in his report to the County Court, and by that court rejected. The appellant did not appeal and is concluded by the judgment and order of the County Court.

The item of $25 for counsel fees was properly rejected by the Circuit Court. The appellant disregarded and neglected his duties as administrator for many years, in fact, until he was compelled to act by the compulsory process of the court. He had not charged himself with property of the estate which he had received, and had so neglected and mismanaged the affairs of the estate that the heir was forced to institute legal proceedings to secure its settlement and obtain the moneys

Wilkinson v. Ward.

justly due to her. The services of the attorney were not in the interest of the estate, but rather adverse thereto and in the interest of the administrator as an individual. An allowance of this item as a credit to the administrator, would have been wholly unjustifiable.

The depositions of Charles Watson and others, admitted in evidence, were taken by the master, appellant insists, without notice to him and when he was not present, and this is alleged by appellant as a ground of error in his sixth assignment.

Appellee contends that due notice of the time and place of taking these depositions was given the appellant.

After the depositions in question were taken, the parties made an agreement which was entered of record and which is, "That the evidence heretofore taken by the master shall be evidence in the case." This must be regarded as a waiver of the objections urged against the depositions in question.

The third cross-error, which is that the court erred in allowing the appellant to be examined and testify as a witness, outside of the testimony contained in the master's report, is overruled because the objection was not made in the court below.

The seventh and only remaining error assigned by appellant is, that the court erred in rendering judgment against appellant for $985.52. The fourth cross-error is that the court erred in not charging the administrator with interest on balance in his hands, according to law. These errors may be considered together. We have examined the record carefully and find the evidence amply sufficient to sustain the action of the court in rendering the judgment against the appellant, and while we would not have felt called upon to reverse, had its amount been larger. yet we can not say that the court manifestly erred in not awarding a larger sum. A *resume* of the evidence would necessarily greatly lengthen this opinion and as only questions of fact are involved no benefit would accrue to the parties or the profession.

The judgment of the court, in our view, is substantially just and correct and is affirmed.

*Judgment affirmed.*