## H. H. Atherton, Administrator, Appellee, v. Harry W. Hughes et al., Appellants.

1. ADMINISTRATION OF ESTATES—*when question of legal appointment of administrator cannot be raised.* The County Court having jurisdiction to appoint an administrator and not being a court of

limited jurisdiction for that purpose, unless the record shows that the court for some reason did not have jurisdiction to make an appointment and such failure of jurisdiction is disclosed by the record, his appointment cannot be questioned.

2. ADMINISTRATION OF ESTATES—*what does not discharge administrator.* The approval of the final report of an administrator does not operate to discharge him.

3. ADMINISTRATION OF ESTATES—*jurisdiction to appoint administrator de bonis non.* The fact that an estate may be declared settled and the final report of the administrator approved and the administrator discharged, does not deprive the County Court of its power to appoint an administrator *de bonis non* upon a proper showing that the estate was not settled, that the debts were still unpaid and assets were available out of which debts should be paid.

4. ADMINISTRATION OF ESTATES—*what does not affect rights of creditors.* Upon the death of an ancestor the real estate descends to the heir with, the charge of all liability thereon. The heir does not acquire an absolute title and he cannot make any conveyance that will defeat the rights of the creditors of the ancestor in having the same sold for the payment of debts.

5. ADMINISTRATION OF ESTATES—*what not laches barring right to sell real estate to pay debts.* If the real estate available represents the homestead of the widow and children of the deceased the creditors must wait until the extinguishment of such homestead estate before they may proceed to sell such real estate to pay their debts and it is not necessary for such creditors to take any steps to reach the homestead property although it may have increased in value.

6. ADMINISTRATION OF ESTATES—*jurisdiction with respect to allowance of claims.* The County Court being a court of record and having jurisdiction of the matter the law presumes that it had complete jurisdiction to render judgment on claims presented until the contrary is shown, and the fact that no summons or entry of appearance may be on file, cannot overcome the presumption of jurisdiction.

Petition to sell real estate to pay debts. Appeal from the Circuit Court of Fulton county; the Hon. R. J. GRIER, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed June 3, 1910.

MARVIN T. ROBISON, for appellants.

LUCIEN GRAY, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Petition was filed March 13, 1907, in the Circuit Court of Fulton county by appellee to sell real estate belonging to the estate of William Hughes, deceased, to pay debts.

William Hughes died intestate July 18, 1878, leaving Hannah Hughes, his widow and five children. On August 13, 1878, V. M. Grewell was appointed administrator of his estate.

The deceased died seized of the west half, southwest quarter, and the west half, northwest quarter, section 34, town 5 north, range 1, Fulton county.

Said administrator on December 29, 1879, filed his petition in the County Court of Fulton county to sell real estate to pay debts. The widow and children were made defendants; no dower or homestead was set off to the widow and children. The County Court ordered the administrator to sell sixty acres off the south end of the west half, southwest quarter of section 34; and all the west half, northwest quarter 34-5-1, leaving the balance of the land of which Hughes died seized undisposed of, being about twenty-three acres, then occupied by the widow and children as a homestead. That twenty-three acres is sought to be sold in this proceeding.

This land was encumbered by two mortgages, one to William H. Nance for $633, with interest, the other to Whitfield Button for $1,000, with interest. The total amount of claims presented againse said estate within the two years amounted to $3,621.58. The notes, secured by the two mortgages above, were never presented as claims against the estate of the deceased in the County Court.

A claim of John Stracker was allowed October 3, 1878, for $728.43; of L. T. Frazier, November 26, 1879, for $21.75; John Lacey, November 26, 1879, for $523.42; John C. Hellyer, January 20, 1880, for $105.50 (this claim the Circuit Court, in this proceeding, reduced to $82.05); George Phippin, October 23, 1878, $102; George Phippin, another claim, August 19, 1880, $452.35. From the pro-

ceeds of the sale under that decree the administrator paid off the two mortgages on said real estate, paid the first class claims, and 12½% on the 7th class claims against said estate.

William Hughes for many years prior and up to the time of his death resided on the twenty-three acres in controversy with his family; after the death of William Hughes, his widow and children continuously occupied and resided on this twenty-three acres as their homestead until the youngest child became of age and until the death of Hannah Hughes on the ninth day of August, 1906.

At the time of the death of William Hughes and for some time thereafter the fair market value of the twenty-three acres was six hundred dollars; the widow and minor children had a homestead interest in it, and her dower in the estate was never assigned to her.

Upon the sale by Grewell, administrator, Hannah Hughes, the widow, purchased the west half, northwest quarter, section 34, lying immediately north of the twenty-three acres.

Upon the death of the widow, Hannah Hughes, Henry Chipman was appointed administrator of her estate, and on January 3, 1907, sold the 103 acres, which consisted of the twenty-three acres in controversy and the eighty bought at the administrator's sale of her husband's estate. At this sale by Chipman, thirty-five acres off the east side of the 103 acres was bought by Harry W. Hughes, a son of William Hughes; seven acres of the thirty-five bought by him is included in the twenty-three acres in controversy; the other sixty-eight acres was bought by J. N. Hedrick, the husband of Laura E. Hedrick, a daughter of William Hughes. After this sale by Chipman deeds were made to the purchasers by the heirs of William Hughes, deceased. At the time of the sale by Chipman to W. H. Hughes and J. N. Hedrick, the appellants in this case, the record title to the twenty-three acres in controversy was in the heirs of William Hughes, deceased, subject to whatever rights the creditors of William Hughes, deceased, might have therein.

The decree rendered by the Circuit Court of Fulton county found that the estate of William Hughes, deceased,

had never been legally closed; that appellee is the duly qualified administrator *de bonis non* of the said estate and that the following persons have valid claims against said estate, now amounting to the following sums:

| | |
|---|---:|
| John Hellyer | $ 173.63 |
| John Lacey Estate | 1014.85 |
| T. L. Frazier | 45.55 |
| John Stracker | 2074.84 |
| George Phippin | 1049.31 |

the total of $4,358.18, for the payment of which the twenty-three acres in controversy was ordered to be sold by the administrator *de bonis non.*

The decree further found that Grewell, administrator, had wrongfully paid out the sum of $349.34. This amount was paid by said administrator on claims presented to the County Court of Fulton county after the expiration of two years, except $41.48 paid for taxes for the year 1879, and were not entitled to share in the proceeds of the estate, which had been inventoried by the administrator. The Circuit Court ordered this amount deducted from the above claims *pro rata* and this left the balance as above. The Circuit Court allowed the administrator, Grewell, credit for the taxes paid for the year in which William Hughes died, but refused credit for the following year. In this there was no error.

From this decree of the Circuit Court of Fulton county appellants appeal to this court and ask a reversal of the decree for the following reasons:

First: Because appellee was not properly and legally appointed administrator *de bonis non* of said estate.

Second: That the creditors of said estate are guilty of laches in not sooner undertaking to enforce payment of their claims.

Third: That the claims against the estate above set forth were presented after adjustment day and were never allowed by the administrator.

Fourth: That the payments by the administrator of these two mortgages without their having been presented

and allowed in the County Court as claims against the estate, was a wrongful payment by him, and such payments were a waste of the funds of the estate and had they not been paid, the administrator had sufficient fund to pay the balance of the valid claims against the estate.

Upon the question attempted to be raised by appellants that appellee is not legally appointed administrator of the estate, the record discloses his appointment by the County Court of Fulton county, the County Court having jurisdiction to appoint an administrator and not being a court of limited jurisdiction for that purpose, unless the records show that the court for some reason did not have jurisdiction and such failure to obtain jurisdiction is disclosed by the record, his appointment cannot be questioned. The record in this case shows that, that court had jurisdiction, and its action therein could only be reviewed by appeal or writ of error in that proceeding.

Upon the question of laches the record of the County Court does not disclose a discharge of Grewell as administrator, but it is insisted that he filed what purported to be a final report, that the report was approved and the act of the court in approving that report discharged the administrator. The record discloses that at the time of this purported final report, the estate was not settled, there were assets belonging to the estate, but which were subject to the rights of homestead, and it would have been improper to have discharged the administrator under such conditions, but it is insisted that the effect of the order approving that report was a discharge. We cannot agree with this contention; when in fact the record fails to disclose a discharge, this court must presume that that court did its duty and did not discharge the administrator. Conceding, however, that the approval of the report did discharge him, this could not deprive the County Court of its power to appoint an administrator *de bonis non* upon a proper showing that the estate was not settled, that debts were still unpaid and assets were available out of which the debts should be paid.

Upon the death of an ancestor the real estate descends to

the heir with the charge of all liabilities of the ancestor resting thereon. The heir does not acquire an absolute title and he cannot make any conveyance that will defeat the rights of the creditors of the ancestor in having the same sold for the payment of debts. The fact that the conveyance of this twenty-three acres was made by the heirs does not in any way affect the rights of creditors therein. People v. Lanham, 189 Ill. 326.

After the death of Grewell, administrator, no steps could have been taken to reach the property encumbered by homestead until the discharge of the estate, and as soon as that estate was discharged or within a reasonable time thereafter, appellee was appointed administrator *de bonis non* and proceeded to finish the settlement of that estate.

It must be conceded that the estate of homestead must be extinguished and that the claimant must wait until that time before the property so encumbered can be sold to pay debts, and it was not necessary for the creditors to take any steps to reach the homestetad property although it may have increased in value. Hartman v. Schultz, 101 Ill. 437; The People of Illinois v. Lanham, 189 Ill. 326; Judd v. Ross, 146 Ill. 40.

The contention that the claims now urged against the estate were presented after the adjustment day and were not marked allowed by the administrator, is without merit. The record discloses that these claims were allowed by the County Court and judgments rendered against the estate for the amounts thereof. These judgments were rendered before the expiration of the two years allowed at that time for the presentation of claims under the statute then in force, but it is urged that the County Court had no jurisdiction to pass on these claims without an entry of appearance by the administrator or unless summons was issued and served on him and that neither such entry of appearance nor summons appears in the record. Upon this contention that court being a court of record and having jurisdiction of the subject-matter, the law presumes it had complete jurisdiction to render judgment on these claims until the contrary is shown and the

fact that no summons or entry of appearance is now on file cannot overcome the presumption of jurisdiction. There is no attempt to otherwise show the court in entering these judgments did not have jurisdiction over the administrator and that court's adjudication in that matter must be held to be final in this proceeding, as must also the adjudication in that court that there was a deficiency in the personal estate.

No question is raised concerning the correctness of the amount of these claims as found by the Circuit Court in its decree.

It is further urged that the former administrator received sufficient funds from the personal property and the sale of real estate to pay all the claims that were allowed against the estate that were entitled to share in the distribution of those funds, and that the administrator committed waste in paying the mortgage indebtedness without direction of the County Court. That these claims were valid and subsisting liens on the land is not questioned; they were entitled to share in the proceeds realized from the real estate and the payment of these claims by the administrator was a proper payment. It is not necessary that claims should be filed and allowed against the estate before the administrator may pay them but in making payments of such claims he assumes the burden of being able to establish that they are valid and just claims against the estate and if paid within the time when claims may be presented to share in the proceeds of the estate then such payment is not wrongful, and in this case it being conceded that they were valid claims against the premises, the payment thereof by the administrator, Grewell, was a proper payment. That such is the law is fully determined by the Supreme Court of this state. Millard v. Harris, 119 Ill. 185. And there being no error in the granting of the decree entered by the Circuit Court in this proceeding, that decree is affirmed.

*Affirmed.*