In re Estate of William K. Mertz, Deceased.
Matt Yaple and Hugo W. Greb, Administrators of the Estate of William K. Mertz, Deceased, Appellants, v. Ella Mertz Still et al., Heirs at Law of William K. Mertz, Deceased, Appellees.

Gen. No. 8,083.

1. ESTATES OF DECEDENTS—*when adjudication of items of report final.* The decree upon the items of the report of representatives of an estate is final except as to items from adjudication on which appeal is taken and which are thereafter modified by the remanding order of the reviewing court.

2. ESTATES OF DECEDENTS—*principles governing settlement of accounts.* The principles and procedure to be adopted in settling questions regarding accounts of representatives of an estate raised by heirs or devisees are those obtaining in courts of equity.

3. ESTATES OF DECEDENTS—*reimbursement for attorneys' fees and contract liability.* A representative of a decedent incurring a personal liability for employment of attorneys, and in entering into contracts, may in proper case apply to the court for reimbursement out of the estate.

4. ESTATES OF DECEDENTS—*allowance of other than taxable costs to representatives.* A reviewing court may grant leave to a party to apply to the county court in the settlement of an estate in his hands, for allowance of expenses other than taxable costs.

5. ESTATES OF DECEDENTS—*allowance of costs if neither party in right*. When neither an estate's representative nor the other party is entirely in the right on appeal from adjudication on the items of a final report, costs should not be taxed for either party.

6. ESTATES OF DECEDENTS—*when costs refused to representative*. Costs and expenses for proceedings for accounting and settlement may be charged to the representative individually if he renders them necessary by misconduct or neglect in such accounts, or when on contest the finding is against him.

· 7. ESTATES OF DECEDENTS—*discretion in allowing costs*. The discretion of the court in allowing such expenses as representative's compensation, for services of attorneys and for costs, will not be disturbed on appeal except for manifest abuse of discretion.

Appeal by plaintiffs from the Circuit Court of Cass county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 31, 1927.

A. T. LUCAS, for appellants.

BRADLEY, WILLIAMS, HARPER & FARRELL, for appellees; THOMAS E. D. BRADLEY and EDWARD J. FARRELL, of counsel.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

The above cause comes to this court upon the appeal of the administrators of the estate of William K. Mertz, deceased, assigning error upon the decree of the circuit court of Cass county, in sustaining the exceptions of the heirs at law of William K. Mertz, deceased, to the supplemental final report of appellants, filed in said circuit court upon a remanding order from this court. The cause was before this court at a former hearing and for a statement and the opinion then filed reference is had to *In re Estate of William K. Mertz, deceased,* 241 Ill. App. 446. The decree of the circuit court of Cass county, from which the former appeal was taken, after overruling all other exceptions, sustained the exceptions of the heirs: number two, the item of $8,200 paid to the Kilbourne Bank;

number three, the item of $6,332.24 paid to the First National Bank of Chicago; and number six, the sum of $1,135 deducted from the item of $8,635 claimed by appellants for the services of their attorneys, leaving the item of attorney's fees at the sum of $7,500 allowed, and "adjudged and ordered that the total sum of said foregoing items, namely, $15,667.24, be paid and distributed by said administrators to the heirs at law of said deceased, according to their respective rights and interests." Upon appeal, this court reversed the circuit court of Cass county as to the item of $8,200 paid to the Kilbourne Bank, affirmed that court in all other respects and held:

"For the reasons stated, the order of the circuit court is affirmed in all respects except as to the $8,200 item, and the cause is remanded with directions that in recasting the account of appellants the appellants be given credit for the $8,200 item."

In the former appeal, upon the motion of appellants later entered in said cause, after consideration, it was ordered that the costs in this court be apportioned one-half to each party. Upon filing the remanding order in the court below, by leave of court appellants presented and filed a supplementary report, conforming to the remanding order, and in addition thereto presented three items of expense on the part of the appellants as such administrators: one for fees for the attorney for appellant, court costs and witness fees in the former suit in the circuit court, amounting to the sum of $951.56; one for fees for the attorney for appellant, transcript, bill of exceptions and briefs in this court, amounting to the sum of $1,348.75, and a third covering items for attorney's fees, court costs and the printing of briefs in the Supreme Court, to which court appellants, by petition for certiorari, presented said cause without success, said third item amounting to the sum of $945.25, the total sum of said items being $3,245.56.

It further appears by the proceedings in the court below that appellants made a motion to tax costs and for an order allowing to their credit the costs and fees expended by appellants in defending their final report, "on the basis fixed by the Appellate Court," etc. The supplementary report filed by said appellants asked that they, as administrators, be credited with one-half of the amount of said costs and charges, or the sum of $1,622.78. Appellees filed objections and exceptions to said item of expense and by a further objection appellees excepted to each and all of said items on the ground that said fees and expenses were incurred for the benefit of the administrators and not for the heirs at law, and that "such payments are illegal and have no authority in law."

Proofs were heard principally as to the services of the attorneys in said cause in the circuit, Appellate and Supreme Courts in the former hearings, and there was no contention as to the reasonable value of said services. The court sustained the exceptions and refused to allow the said three items; but in the final decree the court apportioned the court costs and witness fees in the circuit court, and the cost of the transcript and bill of exception in the Appellate Court, one-half to each party; allowed appellants six per cent commissions in the added receipts shown in the supplementary report, and allowed them the sum of two hundred and fifty dollars as a reasonable fee for the services of an attorney in connection with said supplemental report. Appellants had collected a mortgage for $559.27 by advancing five hundred dollars of the estate funds to adjust a difference in connection with the Musch heirs, or in effect had collected $59.27 net for the estate upon a mortgage, a small judgment for twenty-seven dollars and rebates on Federal estate tax and income taxes, amounting to $603.50, after the filing of the former report and entry of the first de-

cree. The decree of the circuit court disallowed items claimed by appellants:

*First,* the attorney's fees for the administrators in the circuit, Appellate and Supreme Courts on the hearing of the former report.

*Second,* the costs of briefs in the. Appellate Court and court costs and printing briefs in the Supreme Court.

*Third,* the full amount of the court costs and witness fees in the circuit court, and the cost of transcript and bill of exceptions in the Appellate Court, one-half of which only was allowed.

From this decree appellants have appealed. In determining the rights of the parties in this cause there may be a distinction between allowances which can be made out of funds in the hands of appellants, and out of funds which came into their hands after the date of that decree. We shall point out the exact amount of funds which came into appellant's hands after the first decree and the disposition made of them.

Appellants collected for the estate, after the first decree, the sum of $687.77. Out of this sum the court allowed appellants $71.39 as commissions and $250 as attorney's fees, making a total of $321.39, leaving a balance of $368.38 net accrued to appellants after the date of the first decree and not adjudicated by the terms of that order. The court costs and witness fees amounted to $16.45, and the cost of transcript of record and bill of exceptions amounted to $251.50, one-half of which was apportioned to each party as costs. We assume the administrators would have the right to deduct one-half thereof or $133.98 from the moneys decreed to be paid to appellees under the first decree, and the other one-half should be paid by appellants under the mandate of this court. As to all funds in the hands of the administrators at the time of the former "final report" and covered by the decree upon that report, we conclude that the decree

would be *res adjudicata,* except as to the items appealed from, and *res adjudicata,* except as modified by the remanding order of this court, that is, such funds would become funds or assets administered upon. (*Curts v. Brooks,* 71 Ill. 125; *Morgan v. Morgan,* 83 Ill. 196; *Marshall v. Coleman,* 187 Ill. 556, 585; *Wilkinson v. Ward,* 42 Ill. App. 541, and *Allen v. Allen,* 222 Ill. App. 438, 442.)

In *Marshall v. Coleman, supra,* it was held: "It has been held, that each item in an administrator's account is a separate claim depending alone upon its own merits, having no connection with the other items, and that an appeal by the administrator from an order or judgment, rejecting one of his claims against the estate, only brings up for review the propriety of the ruling in respect to such rejected claim," citing, also, *Millard v. Harris,* 119 Ill. 185. The appellant may also dismiss his appeal as to an item or items, leaving the decree as to such item or items valid and binding. *Bacon v. Lawrence,* 26 Ill. 53.

The decree of the lower court as to the first final report adjudicated as to all items in the report, and ordered the administrators to distribute $15,667.24. The only modification of this order affected by the appeal was that the administrators were to be credited with the item of $8,200 paid to the Kilbourne Bank, and appellees were to be charged one-half of the legal costs, amounting to the sum of $133.98. This leaves a balance of $7,333.26 under the first decree, a fund administered upon, which appellants are directed to distribute and which is composed of items adjudicated, from which adjudication no appeal has been taken or is now pending. This comprehends the entire estate except the moneys collected since the first final report, inasmuch as both reports are denominated "final reports." There is, therefore, only the sum of $368.38 on hand in the estate out of which the items and charges of appellants can be paid, if allowed. The

rule is uniform that where the accounts of administrators or executors are challenged by heirs at law, legatees or devisees, the procedure to be adopted is that obtaining in courts of equity and the settlement of any disputed item is to be determined by the application of equitable principles. (*Dixon v. Buell,* 21 Ill. 203; *Heward v. Slagle,* 52 Ill. 336, 337; *Wadsworth v. Connell,* 104 Ill. 369; *Millard v. Harris,* 119 Ill. 185; *Ingram v. Ingram,* 172 Ill. 287; *Henry v. Caruthers,* 196 Ill. 136; *Heppe v. Szczepanski,* 209 Ill. 88; *Atherton v. Hughes,* 156 Ill. App. 215, 222; Corpus Juris, Vol. 24, page 48.)

In *Christy v. Christy,* 225 Ill. 547, 552, it was held: "In the performance of his duties an administrator must act with the highest degree of fidelity and with the utmost good faith, but he is held to the exercise of only that degree of skill and diligence which an ordinarily prudent man bestows on his own similar private affairs. Nothing more can be required of him, and if his acts will stand the test of that rule he cannot be held liable for any loss that may be sustained by the estate of his intestate. 11 Am. & Eng. Ency. of Law (2d ed.) 904; *Estate of Corrington,* 124 Ill. 363."

It is also a universal rule that the administrator or executor in the employment of attorneys or entering into contracts after his decedent's death, incurs a personal liability, and may, in a proper case, apply to the court for reimbursement out of the estate. The rule is well stated in *Thompson & Lively v. Mann,* 65 W. Va. 648, 64 S. E. 920, 22 L. R. A. (N. S.) 1094, 1095, where it is held: " 'This doctrine applies to a debt incurred by the representative in employing counsel to advise and assist him in the discharge of his duty'—and so says this court in *Hall v. McGregor* (W. Va.), 64 S. E. 736. And Woerner says (page 756), citing many cases, that the estate is not liable to an attorney for his services at the instance of an executor or administrator, but that the latter is himself liable

in a suit by the attorney. 'Indeed,' says Schouler, 'the rule is that executors and administrators cannot, by virtue of their general powers as such, make any contract which at law will bind the estate and authorize a judgment *de bonis decedentis;* but, on contracts made by them for necessary matters relating to the estate they are personally liable, and must see to it that they are reimbursed out of the assets.' At page 473 he says: 'In causes of action wholly accruing after his decedent's death, the personal representative is in general, liable individually (citing *DeValengin v. Duffy,* 14 Pet. 282 (U. S.), 10 L. Ed. 457; *Kerchner v. McRae,* 80 N. C. 219). And, wherever an action is brought against an executor or administrator, on promises said to have been made by him after the decedent's death, he is chargeable in his own right and not as representative (citing Wms. Ex. 1771; Cro. Eliz. 91; Cowp. 289; *Jennings v. Newman,* 4 T. R. 348; *Clarke v. Alexander,* 71 Ga. 500.) ''

From an examination of the record in this case, it is difficult to comprehend how appellants can justify the expenses of an appeal from the circuit court on the items of payments to the First National Bank of Chicago of $6,332.24 and the item in reduction of attorney's fees. It has been held by this court that the payment to the First National Bank of Chicago, upon a claim filed after the statute of limitations had expired, was clearly without authority of law, and that the reduction of $1,135 in attorney's fees was fully warranted by the evidence. Upon this finding the Supreme Court refused to grant a writ of certiorari. On the item claimed in this case for attorney's fees for defending the first final report in the circuit court, we must conclusively presume that the circuit court had that service under consideration and made an allowance therefor in fixing the amount in the decree upon that report. The service was fully performed before the decree was entered, and without doubt an allowance was made to cover that service and it is now ad-

In re Estate of Mertz, 246 Ill. App. 283.

judicated. As to the item of $8,200 paid to the Kilbourne Bank and allowed by this court, reversing the circuit court, no order of court was obtained by the administrators to make such payment until the final report was submitted. So far as this record shows, the heirs at law had no knowledge or information about the claim until that report was submitted. This court has found that a situation arose which called for prompt and speedy action, and that the appellants consulted with the attorneys for the estate and the county judge. The estate owned five thousand dollars worth of stock in the bank and advanced $8,200 to protect that stock and save the estate from a further liability. One of the administrators, who was similarly situated, in his own behalf made the same payment. The heirs would be entitled to a full explanation of this item upon the final report. The bank failed soon after the payment, notwithstanding the advancement of the sums. It is plain to see that such payments might lead to litigation and that minds might differ as to whether appellants used due care and circumspection in the methods used to bring about such payment. It was not a claim the administrators were compelled to pay. It was a situation calling for the use of their best judgment and discretion. It may be that in order to avoid future litigation due care would have required the appellants to consult the heirs before this payment was made. No reason is shown why that could not have been done. The heirs were the beneficiaries of the fund and the ones to be benefited, if any one, by making the payment. The appellants could not have acted with the highest degree of fidelity and with the utmost good faith if they, or either of them, had any speculative interest in the bank which might be served by the estate's payment. While this court has held that the payment was legal and justified, it has not held that the appellants exercised due care to avoid litigation in their methods of affecting the payment.

As to the items paid to the First National Bank of Chicago and the amount claimed as attorney's fees by the appellants, there is no equity in the judgment of this court warranting a reimbursement to appellants for their charges for litigation in that behalf. As to appellants' right to reimbursement for their expenses and attorney's fees in defending their final report in the former proceeding, as presented in this cause, we find no exact precedent where the courts of this State have passed upon the question. There is authority found for a reviewing court to grant leave to a party to apply to the county court in the settlement of an estate of decedent in his hands for an allowance for expenses other than taxable costs. *Shaw v. Moderwell,* 104 Ill. 64, 70. It has been held that costs should not be taxed either for the representative or for the other party to the appeal when neither party was entirely in the right. *Phelps v. Slade's Heirs,* 10 Vt. 192; *In re Wilson,* 15 Ont. L. 596; 24 C. J. 1058. It has also been held that costs and expenses of proceedings for accounting and settlement may be charged to the personal representative individually, when he has rendered it necessary that such costs and expenses should be incurred by his misconduct or negligence as to accounting or settling, or when, on a contested settlement, the finding is against him. 24 Corpus Juris, 1057; *Marshall v. Coleman,* 187 Ill. 556. It is also held that the granting of costs and allowances is a matter of discretion of the court rather than of right. 24 Corpus Juris, 1054, *In re Kreidler,* 68 Misc. 412, 124 N. Y. S. 628; *In re Choate's Estate,* 165 Mich. 420. Determinations of the lower court as to matters which are properly within its discretion will not be disturbed on appeal, except for manifest abuse of such discretion. This rule is most frequently applied with respect to such matters as the compensation of the representative, allowances for the services of attorneys and costs. 24 C. J. 1050. The order or decree in such matters, of which a review is

sought, is as a general rule presumed to be right, in the absence of any affirmative showing in the record to the contrary, and every reasonable presumption will be indulged in favor of the correctness of the proceedings below. 24 Corpus Juris, 1050. Following the rule that such matters should be determined upon equitable principles and are governed by rules of judicial discretion rather than abstract right, we have searched the record for testimony or proofs upon which this court could review and determine whether the decree of the circuit court of Cass county was an abuse of the discretion confided to the trial court. The record contains the report and exceptions that were brought up on the former hearing; the decrees of the probate and circuit courts, based upon that report, and the opinion of this court, *In re Estate of William K. Mertz, deceased, supra,* together with the testimony showing the costs paid, the services of attorneys employed and the reasonable value of such services. Our only information as to the differences which led to the litigation we are compelled to glean from the opinion of this court *In re Estate of William K. Mertz, deceased, supra.* To hold that the decree of the circuit court of Cass county, in refusing to allow these items, was an abuse of judicial discretion, would result in holding that administrators and executors in all cases could compel estates to pay costs and attorney's fees, in litigation, as a matter of right, whether the representative was successful or not, and would be followed by a new petition in this cause to recover the costs and expenses of this appeal and by endless litigation, unless heirs and parties interested abandoned their prerogative to inquire into their affairs and have an accounting with their trustee.

We find no proofs in the record tending to show that the circuit court of Cass county abused its discretion in disallowing said claims, and the decree of that court will be affirmed.

*Affirmed.*