In re Estate of Daniel Aldag, Sr., Deceased.

Opinion filed June 4, 1931.
Rehearing denied July 16, 1931.

JOHNSTON & MURPHY, for appellants.

HOUSE & HOUSE, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

Ernest Aldag, Louis Aldag and Daniel Aldag were named as executors of the will of their father, Daniel Aldag, Sr., deceased, and duly qualified as such in the county court of Washington county, Illinois. They are the appellees and for the purposes of this appeal will be designated executors. They were sons of the decedent and proceeded to administer upon the estate of their father. On December 4, 1929, they filed a report of their acts and doings as such executors from the date of appointment.

On December 13, 1929, Henry Aldag, Mary Kasten, Emma Poeggenmoeller and Anna Brandhorst, the other children of decedent, filed written objections to the confirmation of said report. They are the appellants, but following the suggestion made by their coun-

sel, are designated as objectors in this appeal. On April 22, 1930, the county court of Washington county sustained certain objections and overruled the others. Both parties prosecuted appeals to the circuit court and on November 8, 1930, the cause was tried *de novo* before the presiding judge of that court, who overruled all of the objections to the report, except that he reduced the amount of commissions to be allowed executors from $2,072.12 to $1,500. From that order this appeal was taken and three objections relied upon as grounds for reversing the decree of the circuit court, viz.:

(1) Failure of executors to account for certain rents. (2) Improper sale of bank stock. (3) Allowance of executors' commissions.

The record discloses that prior to his death, Daniel Aldag, Sr., conveyed certain farm lands to each of the three executors, and to his son Henry Aldag, reserving, however, the use, income and control of the lands during the lifetime of the decedent and of his wife, Louise Aldag. Daniel Aldag, Sr., died on August 10, 1928, and his wife, Louise, died 10 days later. There is some dispute as to whether the rental year began on March first of each year or June first, the date of the deeds. While the date and delivery of the deeds gave the grantees the right of immediate possession, it did not necessarily control the rental periods and we believe the evidence fairly shows the rental year ran from March first to March first. The executors admit they did not pay rent for the year beginning March 1, 1927 to March 1, 1928, but introduce proof that the rental was offered to the father and he waived the payment and told the boys he would not take any rent from them for that year, because the crops were so poor. The trial court had the opportunity of seeing and hearing the witnesses of both parties on this branch of the controversy, and his finding that the

father had given the rental for that year to his sons, is fully supported by competent testimony. The intention of the father to give the rent of one year to the sons was definitely expressed to other witnesses and the acceptance by the boys can be clearly determined from the proofs and the conduct of the parties towards the transaction.

The sale of 13 shares of stock of the Irvington State Bank at $150 per share is the subject of further objection. Emma Poeggenmoeller and Mary Kasten, two of the objectors, were bequeathed the sum of $5,000 each, under the will. Emma wanted her legacy paid and filed a petition for the payment of same in the county court of Washington county, which was later heard and dismissed. While at the courthouse on this hearing the two daughters offered to pay $170 per share for the bank stock, provided their legacies were paid in full at that time. The executors refused the offer because they did not have enough cash on hand to pay off the bequests. Later on they secured an order of the county court authorizing them to sell the personal property of the estate at private sale.

Objectors contend that the order so obtained was void and of no effect, because the language of the tenth clause of testator's will demanded that the bank stock be delivered in kind. We believe that section 91 of the Administration Act, Cahill's Rev. St. ch. 3, ¶ 92, fully authorizes the sale of the stock at private sale, and that the order was not in direct violation of the terms of the will. The offer to buy the stock on the part of the two sisters was conditional and one that the executors had the right to refuse. The order of the county court approving the sale of the bank stock was fully warranted.

The question of the allowance of executors' commissions was considered by the court and the amount reduced to the sum of $1,500. The report shows the collection of nearly $35,000 in assets by the executors,

and while some of the items were for the real estate devised at a certain figure to the sons, and other items were perhaps collected in without any great effort, the record shows the executors to have performed various duties in connection with the collection, preservation and management of the assets, and the sum allowed for commissions does not appear to be exorbitant or excessive. At least, this court could not say that there was any manifest abuse of discretion on the part of the trial court in fixing the fees, and therefore the amount allowed will not be disturbed on this appeal. *In re Estate of Mertz,* 246 Ill. App. 283.

Finding no substantial error in the findings of the trial court, the order and decree of the circuit court of Washington county will be affirmed.

*Affirmed.*